**TRANSPORTES CARIBE, S.A.,**
**Plaintiff–Appellant,**

v.

**The M/V FEDER TRADER, her engines, tackle, etc., in rem, et al., Defendants–Appellees.**

**No. 88–3176**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Nov. 23, 1988.

George J. Fowler, III, Delos E. Flint, Jr., Rice, Fowler, Kingsmill, Vance & Flint, New Orleans, La., for plaintiff-appellant.

Derek A. Walker, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, La., for defendants-appellees.

Before POLITZ, KING and SMITH, Circuit Judges.

POLITZ, Circuit Judge:

Contending that the district court lacked jurisdiction to order the posting of countersecurity under Rule E(7) of the Supplemental Rules for Certain Admiralty and Maritime Claims, Transportes Caribe, S.A. appeals. Finding the requisite jurisdiction and concluding that the counterclaim is not patently frivolous, we affirm.

*Background*

Transportes and Flota Maritima Mexicana executed a charter party for Flota's vessel, the M/V FEDER GULF. Flota subsequently substituted the M/V FEDER TRADER. The charter party provided for the arbitration of any dispute arising thereunder.

A dispute arose. Transportes filed the instant complaint, seeking the arrest of the FEDER TRADER pursuant to section 8 of

the Arbitration Act.[1] The vessel was arrested. Flota answered, counterclaimed for breach of the charter party, and invoked Rule E(7),[2] requesting the posting of countersecurity in the amount of $180,000.

Transportes contended that because Flota's counterclaim was frivolous the request for countersecurity should be denied. The district court rejected the request for countersecurity, apparently because Flota had not posted the security ordered for release of the FEDER TRADER. After filing a vessel release bond in the amount of $110,-000, Flota reurged its motion for countersecurity and filed a motion for a stay of proceedings pending arbitration. The district court granted the motion to stay but denied the motion for countersecurity because Flota had not sufficiently specified its alleged damages.[3] Flota then moved for reconsideration and itemized its damages. The district court ordered the posting of countersecurity in the amount of $110,000.

### Analysis

■ Transportes maintains that section 8 of the Arbitration Act does not provide the jurisdictional basis for a Rule E(7) motion for security on a counterclaim. We do not agree. As an alternative to proceeding directly to arbitration, section 8 permits an "aggrieved party with a claim otherwise justiciable in admiralty" to initiate the claim in district court "by libel and seizure of the vessel or other property of the other party according to the usual course of admiralty proceedings." 9 U.S.C. § 8. Section 8 preserves for "the party claiming to be aggrieved" the traditional admiralty procedure of seizure of an opponent's vessel or property.

Nothing in the language of section 8 limits its application to plaintiffs. As one advancing a counterclaim otherwise justiciable in admiralty, Flota is a party "claiming to be aggrieved" within the meaning of section 8. As such, it may request countersecurity under Rule E(7), a traditional procedure in admiralty. *See Titan Navigation, Inc. v. Timsco, Inc.*, 808 F.2d 400, 402 (5th Cir.1987) ("The concept of countersecurity is found in the first promulgation of rules in American admiralty courts, and it has continued to date with little substantive change.") (footnote omitted); *see also The Anaconda v. American Sugar Refining Co.*, 322 U.S. 42, 46, 64 S.Ct. 863, 865, 88 L.Ed. 1117 (1944) (In enacting Section 8 of the Arbitration Act, "Congress plainly and emphatically declared that although the parties had agreed to arbitrate, the traditional admiralty procedure with its concomitant security should be available to the aggrieved party.").

■ Transportes alternatively contends that even if section 8 vests the district

---

1. Title 9 U.S.C. § 8 provides:

   If the basis of jurisdiction be a cause of action otherwise justiciable in admiralty, then ... the party claiming to be aggrieved may begin his proceeding hereunder by libel and seizure of the vessel or other property of the other party according to the usual course of admiralty proceedings, and the court shall then have jurisdiction to direct the parties to proceed with the arbitration and shall retain jurisdiction to enter its decree upon the award.

2. Rule E(7) of the Supplemental Rules for Certain Admiralty and Maritime Claims provides:

   Whenever there is asserted a counterclaim arising out of the same transaction or occurrence with respect to which the action was originally filed, and the defendant or claimant in the original action has given security to respond in damages, any plaintiff for whose benefit such security has been given shall give security in the usual amount and form to respond in damages to the claims set forth in

   such counterclaim, unless the court, for cause shown, shall otherwise direct....

3. In *Incas and Monterey Printing and Packaging, Ltd. v. M/V SANG JIN*, 747 F.2d 958 (5th Cir. 1984), *cert. denied*, 471 U.S. 1117, 105 S.Ct. 2361, 86 L.Ed.2d 261 (1985), we held that countersecurity could not be ordered under Rule E(7) in response to a counterclaim for wrongful seizure. In this action Flota counterclaimed for damages caused by breach of the charter party as well as by the wrongful seizure of the M/V FEDER TRADER. Mindful of *Incas*, the district court initially denied Flota's motion because absent an itemization of damages there was no basis for ordering countersecurity solely for damages allegedly caused by breach of the charter party.

   When Flota submitted an itemized list for reconsideration, the district court stated, "Defendant has now shown justification for *some* counter security, say $110,000, the amount which defendant has posted."

court with jurisdiction to entertain a Rule E(7) motion for countersecurity, the court *a quo* lost jurisdiction when it stayed the proceeding pending arbitration. We are not persuaded. The countersecurity was granted upon reconsideration of a motion made prior to the stay. Moreover, although the stay suspended the litigation on the merits, the district court retained jurisdiction to rule on procedural matters, *see In re Amerada Hess Corp.*, 1986 A.M.C. 505, 506 (S.D.N.Y.1985), [available on WESTLAW, 1985 WL 5981] and to enter its decree upon the arbitration award. 9 U.S. C. § 8. Flota's Rule E(7) motion for countersecurity qualifies as a procedural matter. *See* Rule A of the Supplemental Rules for Certain Admiralty and Maritime Claims. Thus the district court neither erred nor abused its discretion in ordering Transportes to post countersecurity after staying the proceedings pending arbitration.

■ Finally, Transportes contends that the district court should not have ordered countersecurity because Flota's counterclaim is frivolous. The district court was aware of our recent decision in *Titan Navigation, Inc. v. Timsco, Inc.*, in which we stated that countersecurity should not be required "where the counterclaim is frivolous or so lacking in merit that the court can only conclude that the counterclaim was advanced solely to secure a negotiating advantage over the complainant." 808 F.2d at 404. Implicit in the challenged ruling is a determination by the trial court that Flota's counterclaim is not frivolous. Reviewing the record as presently constituted does not convince us otherwise.

AFFIRMED.