IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 91-4704
_____


EBEL GAITAN CAMPANIONI, ET AL.,

                              Plaintiffs-Appellees,

                    versus

WILLIAM BARR, Acting Attorney General,

                              Defendant-Appellant.



_____

Appeal from the United States District Court
for the Eastern District of Texas
_____

(May 27, 1992)

Before GOLDBERG, HIGGINBOTHAM, and DAVIS, Circuit Judges.

HIGGINBOTHAM, Circuit Judge:

The Attorney General attempts to appeal a district court order appointing counsel for Cuban detainees under the Criminal Justice Act. We find that the order is an unappealable collateral order, and dismiss for lack of jurisdiction. We deny the government's alternative petition for mandamus because the request for relief is best addressed on appeal from a final judgment in the case.

                    I.

Appellees are five Cubans who entered this country during the Mariel Boatlift of 1980 and were detained by the INS. Pending their "exclusion hearing," the INS granted the detainees administrative parole. This parole allowed the detainees to remain in the United States until the INS determined whether they should

be excluded. The detainees were convicted of drug offenses committed while on parole, and were released after serving their prison terms.

The INS denied detainees parole after their release from prison and placed the detainees in administrative detention. These five detainees filed a pro se habeas petition in federal district court to challenge the INS detention. The district court consolidated the five petitions and, over the government's objection, appointed counsel to represent the five detainees relying upon the Criminal Justice Act.

The district court denied the government's request to certify its order appointing counsel pursuant to 28 U.S.C. § 1292. The Attorney General asserted that the CJA does not authorize payment of the detainees' counsel with public monies. Appointed counsel have not been paid and no order awarding fees has been entered. The CJA authorizes such pay only after the counsel submits vouchers to the district court detailing his expenses, and none have been submitted. The government filed a notice of appeal and petition for mandamus. The detainees moved to dismiss for lack of jurisdiction and urge denial of mandamus. Detainees argue that the order appointing counsel is not an appealable order and is reviewable on the appeal of a final judgment in the case. They also urge that the petition for mandamus should be denied as unnecessary.

Cohen v. Beneficial Industrial Loan Corporation, 337 U.S. 541 (1949) created a narrowly defined class of appealable interlocutory orders. The order appointing defense counsel must (1) conclusively determine the disputed question; (2) resolve an important issue completely separate from the merits of the action; and (3) be effectively unreviewable on appeal from a final judgment. Coopers & Lybrand, 437 U.S. 463, 468-69 (1978). See also 15A C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure, § 3911 at 329-35 (1992); Jeffery Hanslick, Decisions Denying the Appointment of Counsel and the Final Judgment Rule in Civil Rights Litigation, 86 Nw. L. Rev. 782, 801-06 (1992) (describing post-Cohen development of collateral order doctrine). "If the order fails to satisfy any one of the requirements, it cannot be appealed under the collateral order doctrine." Rauscher Pierce Refsnes, Inv. v. Birenbaum, 860 F.2d 169, 171 (5th Cir. 1988) (emphasis added).

The Attorney General purports to appeal from an order appointing counsel for the detainees. However, the Attorney General does not object to the appointment of counsel itself. He objects only to the payment of fees that appointment of counsel under the CJA may eventually authorize. Practically, the issue in this case is whether the district court's authorization for payment of attorney's fees under the CJA is immediately appealable.

In other contexts, this court has consistently held that a district court's interim award of attorney's fees is not appealable under the Cohen doctrine, in part because the fee award is

effectively reviewable after final judgment on the merits of the case is entered.  Shipes v. Trinity Industries, Inc., 883 F.2d 339, 344 (5th Cir. 1989); Darder v. Lafourche Realty Co., Inc., 849 F.2d 955, 959 (5th Cir. 1988); Ruiz v. Estelle, 609 F.2d 118, 119 (5th Cir. 1980).  The Shipes court noted that the interim award of fees would be immediately appealable only where the "'mere payment of the fees would make them unrecoverable.'"  Shipes, 883 F.2d at 344 (quoting Ruiz, 609 F.2d at 119).  Such a situation might arise, for instance, if the fees were to be paid directly to a client in danger of becoming judgment-proof.  Palmer v. City of Chicago, 806 F.2d 1316, 1317-20 (7th Cir. 1986), cert. denied, 481 U.S. 1049 (1987).

We see little danger that payment of fees will make them unrecoverable in this case.  In Ruiz v. Estelle, 609 F.2d 118, 119 (5th Cir. 1980), we  found that an order awarding interim legal fees under 42 U.S.C. § 1988 reviewable after final judgment.  In reaching this conclusion, the Ruiz court noted that the counsel for the plaintiffs--the party who received the interim fees--"stated unequivocally during oral argument that, should the fees awards be paid and should the court later decide that all . . . of the amount paid was not due, the appropriate amount would be refunded."  Ruiz, 609 F.2d at 120.  The appointed counsel has made similar assurances here.

The Attorney General would distinguish on the grounds that Ruiz and other cases find interim fee awards unappealable because such orders did not conclusively determine the issue of whether

4

attorneys' fees should be awarded. As the Ruiz court noted, at least some of the award of fees under 28 U.S.C. § 1988 depended on which party ultimately prevailed in the litigation and therefore was subject to reconsideration.

This is true, as far as it goes. The Ruiz court, however, also noted that the award of interim fees was practically reviewable after final judgment had been entered on the merits because any interim fees paid could be reimbursed. See also Shipes, 883 F.2d at 345; Dardar, 849 F.2d at 959 ("after a truly final order, appellate review of any prior attorney's fee determination will be available"). The Attorney General cannot show that the order here is appealable merely by showing that it is conclusive and collateral to the merits. He must also show that he will suffer some irrevocable harm if appeal is delayed. Richardson v. Penfold, 900 F.2d 116, 118 (7th Cir. 1990) ("irrevocable harm" from delayed appeal "rightly regarded as essential"). As in Shipes, Dardar, and Ruiz, there has been no such showing here.

The government contends that case might become moot should the detainees be deported or paroled by INS. We are not persuaded that such mootness necessarily moots the issue of counsel fees. A case becomes moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome. Murphy v. Hunt, 455 U.S. 478, 481, 102 S. Ct. 1181, 1183 (1982). Assuming arguendo that the government has standing to challenge appointment of counsel under the CJA, that legally cognizable interest in recovering fees paid to the appointed counsel remains after the

5

underlying controversy about the detainees' confinement detention became moot. <u>Dahlem v. Bd. of Education of Denver Public Schools</u>, 901 F.2d 1508, 1511 (11th Cir. 1990) ("the expiration of the underlying cause of action does not moot a controversy over attorney's fees already incurred"); <u>cf</u>. <u>Wilfred Academy of Hair and Beauty Culture v. The Southern Assoc. of Colleges and Schools</u>, Slip Op. 90-2958, at 3608 (5th Cir. April 6, 1992) (award of attorney's fees can preserve live case or controversy under Texas law). Relatedly, the possibility that the underlying case may fall away does not meet the third element of <u>Cohen</u>. That possibility exists in many cases. As a class, such orders are not unreviewable.

Significantly, the order here does not actually award any specific amount of fees. It is undisputed that the detainees' counsel has not yet been reimbursed or submitted any claim for reimbursement. This court has held that an order granting fees is not reviewable independent of the merits prior to the calculation of the amount of fees. <u>Rodriguez v. Handy</u>, 802 F.2d 817, 821 (5th Cir 1986). Therefore, this order is nonappealable even apart from the fact that the Attorney General can obtain effective review after judgment on the merits.

We express no opinion on the merits of the detainees' argument that the Attorney General lacks standing to challenge the district court's order, an argument best addressed in any appeal from a final judgment resolving this case on the merits.

III.

6

Mandamus is extraordinary relief that should not issue if "other means of obtaining relief is available." <u>In Re W.R. Grace & Co.--Conn</u>, 923 F.2d 42, 44 (5th Cir. 1991); <u>In Re Fibreboard Corp.</u>, 893 F.2d 706, 707 (5th Cir. 1990). Where an interest can be vindicated through direct appeal after a final judgment, this court will ordinarily not grant a writ of mandamus. <u>In Re Fibreboard</u>, 803 F.2d at 708.

The case is DISMISSED for want of jurisdiction and the petition for mandamus is DENIED.