**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 92-3976
_____

HUSSAIN SHAKIT, ET AL.,

Plaintiffs-Appellants,

VERSUS

M/V FORUM TRADER, in rem, ET AL.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
_____
(August 26, 1993)

Before KING, DAVIS, and WIENER, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Lexington Shipping Company ("Lexington"), the owner of the M/V FORUM TRADER, moved to dismiss the **in rem** plaintiffs' appeal from an order setting $150,000 bond for the release of the FORUM TRADER. Because we lack jurisdiction over the appeal, it is dismissed.

I.

Plaintiffs Hussain Shakit, Hamza Hassan, Ibrahim Manik, and Ibrahim Rasheed, foreign seamen serving aboard the M/V FORUM TRADER, brought an **in rem** action against the vessel for nonpayment of wages and various related torts. The vessel was seized on November 13, 1992. Following a hearing, the district court set the release bond at $150,000. On November 25, the owner of the FORUM TRADER, Lexington Shipping Company ("Lexington"), posted the required bond, and the vessel was released. Plaintiffs contend the

bond was inadequate and seek to appeal the amount of the bond.

Lexington has moved to dismiss plaintiffs' appeal on two grounds: (1) the appeal is moot, because the vessel has left the jurisdiction; and (2) this court does not have jurisdiction over the appeal from the release bond order. Plaintiffs respond that this court has jurisdiction based on 28 U.S.C. § 1292(a)(3) and, alternatively, the collateral order doctrine. Plaintiffs also deny that the appeal is moot. We conclude that we lack jurisdiction over the appeal, and thus we do not reach the mootness issue.

II.

A.

We first consider whether the district court's order setting the bond for release of the FORUM TRADER is an appealable interlocutory order under 28 U.S.C. § 1292(a)(3).[1]

Although the $150,000 bond is substantially lower than plaintiffs' $6 million claims, the district court's bond order does not determine the rights and liabilities of the parties as required by § 1292. Were we to uphold the order, "we would still have to remand this case for a decision on whether the defendants were liable." **Bucher-Guyer AG v. M/V Incotrans Spirit**, 868 F.2d 734, 735 (5th Cir. 1989) (holding that a decision to apply the COGSA limitation on damages is not a decision determining the parties'

---

[1] § 1292(a)(3) provides:
(a) Except as provided in subsections (c) and (d) of this section, the courts of appeals shall have jurisdiction of appeals from: . . .
(3) Interlocutory decrees of such district courts or the judges thereof determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed.

2

rights and liabilities); **see also City of Fort Madison, Iowa v. Emerald Lady**, 990 F.2d 1086, 1090 (8th Cir. 1993). The order fixing the bond at $150,000 does not determine the parties' rights and liabilities and thus is not an appealable interlocutory order under § 1292(a)(3).

B.

Plaintiffs argue next that the release bond is an appealable collateral order under the doctrine of **Cohen v. Beneficial Industrial Loan Corp.**, 337 U.S. 541, 93 L. Ed. 1258 (1949). An interlocutory order is appealable under **Cohen** if it (1) conclusively determines the disputed question, (2) resolves an important issue completely separate from the merits of the action, and (3) would be effectively unreviewable on appeal from a final judgment. **Incas and Monterey Printing and Packaging, Ltd. v. M/V Sang Jin**, 747 F.2d 958, 962 (5th Cir. 1984), **cert. denied sub nom**. **Van Weelde Bros. Shipping Ltd. v. I.N.C.A.S.**, 471 U.S. 1117 (1985).

Plaintiffs argue that this case is similar to **Pride Shipping Corp. v. Tafu Lumber Co.**, 898 F.2d 1404 (9th Cir. 1990). **Pride** was a Rule B(1) maritime attachment and garnishment action in which the plaintiff shipowner attached fuel bunkers owned by the charterer, Tafu Lumber, in order to secure jurisdiction over Tafu. The district court granted Tafu's motion to vacate the attachment.

The Ninth Circuit, applying **Cohen**, addressed the legal question of "whether orders vacating Rule B(1) attachments fall within that small class [of appealable collateral orders], when personal jurisdiction is later obtained through a general appearance." **Pride**, 898 F.2d at 1406. The court, citing **Swift &**

3

**Co. Packers v. Compania Colombiana Del Caribe**, 339 U.S. 684, 689 (1950), concluded that it had **Cohen** jurisdiction to review the order vacating the attachment, but held that the appeal was moot.

This case differs from **Pride** and **Swift** in that the district court here did not reject the plaintiffs' claim that they were entitled to security. After a hearing, the district court preliminarily valued the plaintiffs' claims at $150,000 and ordered the posting of a release bond in that amount. In **Swift** and **Pride**, by contrast, the respective district courts concluded as a matter of law that the plaintiffs were entitled to no security.

**Cohen** itself suggests that an interlocutory order involving the exercise of the court's discretion as to the amount of the security to be posted is not appealable:

> [Not] every order fixing security is subject to appeal. Here it is the right to security that presents a serious and unsettled question. If the right were admitted or clear and the order involved only an exercise of discretion as to the amount of security, . . . appealability would present a different question.

**Cohen**, 337 U.S. at 547. The Second Circuit has relied on that language in **Cohen** to hold that a court order reducing security in an admiralty case is not appealable. **Bancroft Navigation Co. v. Chadade Steamship Co.**, 349 F.2d 527 (2d Cir. 1965) (holding the order not appealable because it "is concerned solely with the proper exercise of the broad discretionary powers granted to the district court"). **Bancroft** distinguished **Swift** and **Cohen**:

> The security cases considered on appeal by the Supreme Court before final decision on the merits have revolved about issues concerning the *power* of the district court to render its decision, as distinct from the propriety of its exercise of discretion.

**Id.** at 529. In this case, the order setting the release bond at

4

$150,000 is likewise unappealable as an exercise of the district court's discretion to value the plaintiffs' claims.[2]

Because we have no jurisdiction to consider this appeal, it is dismissed.

APPEAL DISMISSED.

_____

[2] Plaintiffs argue that, in light of their $6 million claim, the $150,000 bond was so low as to constitute a gross abuse of discretion. Mandamus is of course available for review of such orders in an appropriate case.