Gately v. Warden                    CV-95-561-SD  02/18/97

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


Patrick Gately


        v.                          Civil No. 95-561-SD


Michael Cunningham, Warden,
 New Hampshire State Prison (NHSP);
New Hampshire Department of Corrections;
Unnamed Defendants;
David O'Brien, individually and in his
 official capacity as a Corporal at NHSP;
Prison Mental Health Unit, NHSP;
Department of Prison Investigations, NHSP;
Stefan Eltgroth;
Dennis Keiffer, individually and in his
 official capacity as an employee of NHSP;
Joseph Guimond, individually and in his
 official capacity as Major of the NHSP
 Guard Force;
Gregory Crompton, individually and in his
 official capacity as an employee of NHSP;
Cindy Belanger, individually and in her
 official capacity as an employee of NHSP;
Wayne Brock, individually and in his
 official capacity as a counselor for NHSP


O R D E R


     In this 42 U.S.C. § 1983 action, plaintiff Patrick Gately,

an inmate at New Hampshire State Prison (NHSP), alleges that

prison officials violated his constitutional rights by failing to

protect him from being sexually assaulted by another inmate and

by subsequently denying him appropriate medical and mental health

care as well as adequate protection from further harm.  Gately claims that defendants violated his rights under the Eighth and Fourteenth Amendments.

Presently before the court is defendants' motion to dismiss, brought pursuant to Rule 12(b)(6), Fed. R. Civ. P., to which plaintiff objects.

<u>Background</u>

Patrick Gately alleges that while he was incarcerated at NHSP in 1991 another inmate sexually assaulted him on numerous occasions.  At that time, he was seen by a doctor, who allegedly only asked him a few questions and did not perform a physical examination.  He was also seen once by a mental health counselor at NHSP.  Plaintiff gave a statement to the Investigations Unit at the prison and showed personnel a letter the inmate had written him.  When they searched that inmate's room, Investigations personnel allegedly discovered a knife, drugs, and the address of Gately's father.  They did nothing to follow up.

Gately left the prison thereafter and returned again in 1993.  Upon his return, other inmates began to threaten him and ask him questions about the alleged sexual assaults.  Plaintiff was initially denied protective custody, but was granted such custody when he appealed to Warden Cunningham.  Despite being

placed in custody, Gately allegedly still received threats from other inmates.

Discussion

To resolve defendants' Rule 12(b)(6) motion, the court takes the well-pleaded facts in the complaint as true and extends plaintiff every reasonable inference in his favor.  See Pihl v. Massachusetts Dep't of Educ., 9 F.3d 184, 187 (1st Cir. 1993). Dismissal is warranted "'only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory.'"  Garita Hotel Ltd. Partnership v. Ponce Fed. Bank, F.S.B., 958 F.2d 15, 17 (1st Cir. 1992) (quoting Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir. 1990)).

Defendants argue that plaintiff's claims are barred by the doctrine of collateral estoppel because identical issues were decided by the state court in connection with its denial of a petition for habeas corpus filed by plaintiff.  Federal courts must look to state law to determine whether a particular state court's judgment is to be given preclusive effect.  See Allen v. McCurry, 449 U.S. 90, 96 (1980).  Under New Hampshire law, collateral estoppel contains the following elements: "'[T]he issue subject to estoppel must be identical in each action, the first action must have resolved the issue finally on the merits,

3

and the party to be estopped must have appeared in the first action, or have been in privity with someone who did so.'" Hartgers v. Town of Plaistow, ___ N.H. ___, ___, 681 A.2d 82, 85 (1996) (quoting Simpson v. Calivas, 139 N.H. 1, 7, 650 A.2d 318, 323 (1994)). Furthermore, the party to be estopped must have had a full and fair opportunity to litigate the issue, and the finding must have been essential to the first judgment. Simpson, supra, 139 N.H. at 7, 650 A.2d at 323. The doctrine of collateral estoppel may be applied to section 1983 actions, see Hartgers, supra, ___ N.H. at ___, 681 A.2d at 85-86, and courts generally have held that an issue decided in a state court habeas proceeding may have preclusive effect when the identical issue is later raised in an action for civil damages. See, e.g., Burgess v. Hopkins, 14 F.3d 787, 792-93 (2d Cir. 1994); see also Stow v. Cunningham, No. 92-244-JD (D.N.H. 1995) (discussing doctrine of res judicata in context of earlier state mandamus action).

In the instant case, the Merrimack County (New Hampshire) Superior Court has previously addressed plaintiff's claims that he was denied adequate medical and mental health treatment and that he was denied adequate protection from harm. That court specifically found that when plaintiff reported the sexual assault in November 1991, he received medical attention and treatment for substance abuse. Upon his re-entry into NHSP in

4

1993, he received some additional medical tests. See Gately v. Cunningham, No. 95-E-382, slip op. at 3 (Merrimack County Super. Ct. Feb. 9, 1996). The court also found that plaintiff had not demonstrated that he had made a clear request for further medical or mental health attention relating to the sexual assault. See id. at 3. As for plaintiff's claims that he was denied protection, the court found that plaintiff was placed into protective custody until his release in February 1995. Id. When plaintiff returned to NHSP in May 1995, he was denied protective custody because he had not given residence in the general population an adequate try, nor had he demonstrated specific threats. Id. Plaintiff did not appeal the decision. Soon after, he filed the instant action in federal court. Having reviewed the decision of the superior court, this court is persuaded that the issues decided by that court are indeed identical to those raised by the instant action.

Plaintiff appealed the decision of the superior court. On February 3, 1997, the Supreme Court of New Hampshire issued an order declining plaintiff's appeal, thereby rendering the decision of the superior court a final judgment on the merits.

The court finds that plaintiff is collaterally estopped from raising the issues alleged in his complaint in the present forum. Defendants' motion to dismiss is therefore granted.

5

## Conclusion

For the above-stated reasons, the court grants defendants' motion to dismiss (document 21), defendants' assented-to motion for leave to file a reply memorandum (document 24), and defendants' assented-to motion for leave to supplement (document 25). The clerk shall enter judgment accordingly.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

February 18, 1997

cc:   Craig F. Evans, Esq.
      Suzan M. Lehman, Esq.