United States Court of Appeals.

Fifth Circuit.

Nos. 96-60286, 96-60431.

ATLANTIC FERTILIZER AND CHEMICAL CORPORATION, Plaintiff-Counter Defendant-Appellee,

v.

ITALMARE, S.p.A., a corporation, et al., Defendants,

Italmare, S.p.A., a corporation, Defendant-Counter Claimant-Appellant.

ATLANTIC FERTILIZER AND CHEMICAL CORPORATION, Plaintiff-Counter Defendant-Appellee,

v.

ITALMARE, S.p.A., a corporation, et al., Defendants,

Italmare, S.p.A., a corporation, Defendant-Counter Claimant-Appellant.

July 17, 1997.

Appeals from the United States District Court for the Southern District of Mississippi.

Before REAVLEY, JOLLY and BENAVIDES, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

In this admiralty case, Italmare Corporation appeals an interlocutory order denying it counter-security in a dispute with Atlantic Fertilizer and Chemical Corporation. Before reaching the merits, however, we must determine whether we have jurisdiction over the appeal from the interlocutory order. We examine the district court's order and read it on its face to say that the pending arbitration proceedings were an impediment to the court's consideration of Italmare's request for counter-security. Because the court's conclusion is based on an alleged error of law—as opposed to an exercise of its discretion—we have appellate jurisdiction to review the interlocutory order. We hold that the court did err in failing fully to consider Italmare's request. We therefore remand to allow the district court to exercise its discretion either to grant or to deny the request.

I

Atlantic hired the M/V CAPRICORN I to transport bulk diammonium phosphate from

Pascagoula, Mississippi to India. Atlantic determined that the CAPRICORN was unseaworthy and terminated the charter agreement. Atlantic then filed suit in Admiralty against Aquator Shipping (the owner of the vessel), Italmare Corporation (the charterer of the vessel), and the CAPRICORN, alleging multiple breaches of the underlying charter and of the maritime laws. The action sought *in rem* arrest of the vessel and attachment of the vessel and her bunkers, or other property onboard the vessel owned by either Aquator or Italmare. The order for arrest of the vessel was issued by the court on the day the action was filed.

Aquator and Italmare later appeared in the matter and agreed to provide $350,000 as security in favor of Atlantic. Security was posted,[1] and all property was released by order of the court, pursuant to the parties' agreement.

In response to Atlantic's libel, Italmare answered and counterclaimed, alleging breach of the charter. Italmare also filed a request for counter-security of $650,000. Italmare then sought a stay of the action in favor of arbitration.

The action was stayed pending arbitration. The magistrate judge denied Italmare's request for counter-security, preserving Italmare's "right to refile upon the completion of arbitration." The district court affirmed the order of the magistrate judge. Italmare appeals this order denying counter-security.

## II

### A

Before reaching the merits of this appeal, we must first examine whether jurisdiction is proper in this court. The parties agree that the order denying Italmare's request for counter-security is not a final order under the terms of 28 U.S.C. § 1291;[2] however, Italmare contends that the "collateral order doctrine" authorizes us to hear this appeal.

---

[1] Aquator and Italmare each provided $175,000 in security to Atlantic. Aquator has not appealed the denial of counter-security.

[2] Section 1291 provides that circuit courts of appeal "have jurisdiction of appeals from all final decisions of the district courts of the United States ... except where a direct review may be had in the Supreme Court." 28 U.S.C. § 1291.

The collateral order doctrine was established in *Cohen v. Beneficial Industrial Loan Corporation.*[3] There, the Supreme Court addressed whether a state statute requiring a plaintiff in a shareholders' derivative action to post security to cover the potential costs and attorneys' fees of the action applied to an action brought in federal court. The district court held that the statute was inapplicable and refused to order security. *Id.* at 545, 69 S.Ct. at 1225. The court of appeals reversed, and the Supreme Court granted certiorari. *Id.* Before it reached the merits of the appeal, the Court addressed the appealability of the district court order. *Id.* The Court upheld appellate jurisdiction under 28 U.S.C. § 1291, despite the interlocutory nature of the order. It reasoned that the order was appealable because the "decision appears to fall in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Id.* at 546, 69 S.Ct. at 1226. Particularly relevant to our case today, however, was the Court's careful definition of the perimeters of its holding:

> [W]e do not mean that every order fixing security is subject to appeal. Here it is the right to security that presents a serious and unsettled question. If the right were admitted or clear and the order involved only an exercise of discretion as to the amount of security ... appealability would present a different question.

*Id.* at 547, 69 S.Ct. at 1226.

We have had few occasions to apply *Cohen* to security orders in admiralty cases. In *Incas & Monterey Printing and Packaging, Ltd. v. M/V SANG JIN,* 747 F.2d 958 (5th Cir.1984), we found that an order requiring the plaintiff to post counter-security within ten days or else lose the security posted by the defendants was reviewable under *Cohen.*[4] More recently, in *Shakit v. M/V FORUM TRADER,* 14 F.3d 5 (5th Cir.1993), the court refused to exercise jurisdiction over an appeal from an order setting security at an amount considered inadequate by the plaintiffs.

Upon a close look, these cases comport with the distinction drawn in *Cohen* between orders

---

[3]337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).

[4]*Titan Navigation, Inc. v. Timsco, Inc.,* 808 F.2d 400 (5th Cir.1987), involved an order essentially identical to the order appealed from in *Incas & Monterey,* and the court found that jurisdiction existed, without discussion, merely by relying upon the *Incas & Monterey* decision.

that address a party's *right* to security and orders that merely reflect an exercise of *discretion* in applying that right. *See Cohen,* 337 U.S. at 547, 69 S.Ct. at 1226. In both *Incas & Monterey* and *Titan Navigation,* the appellant complained that the district court lacked the authority to order the counter-security; in *Shakit,* however, the appellant merely complained that the amount of security was inadequate.[5]

Nevertheless, our court has never articulated the general rule that these cases reflect. We like the way the Second Circuit said it in *Donlon Industries v. Forte,* 402 F.2d 935 (2d Cir.1968). There, the Second Circuit observed that the "power-discretion dichotomy" was a reasonable means for determining the appealability of orders concerning security and stated:

> [w]hether a court has power to require an undertaking is an issue of law, and an appellate decision will settle the matter not simply for the case in hand but for many others—as was notably true with the important issue in Cohen. In contrast, where the question is the propriety of an exercise of discretion in denying security, the factual variations are so numerous that a judgment on appeal can do little to establish meaningful standards. Furthermore, since review would be limited to "abuse" of discretion, the likelihood of reversal is too negligible to justify the delay and expense incident to an appeal and the consequent burden on hardpressed appellate courts.

*Id.* at 937. We now turn to apply this standard to the facts of this appeal.

B

(1)

The district court order that is the basis of this appeal states, in relevant part:

... Having considered the record, memoranda, and applicable law, the Court finds as follows:

\* \* \* \* \* \*

> This action was stayed pending arbitration, and the motion for counter-security was, therefore, denied with the right to refile same upon completion of arbitration. Accordingly, we are of the opinion that Italmare has not demonstrated circumstances which would establish that the Magistrate's decision is clearly erroneous or contrary to law.

---

[5]In *Incas & Monterey,* the appellant contended, and this court agreed, that the counterclaims advanced by the defendant were not of the type that could be the basis for an order of counter-security under Rule E(7) and that, therefore, the district court erred by granting such counter-security. *Incas & Monterey,* 747 F.2d at 963. *Titan Navigation* also involved a challenge to the district court's authority to order counter-security because, the appellant contended, the counterclaims advanced by the defendant were outside the scope of Rule E(7). *Titan Navigation,* 808 F.2d at 402. On the other hand, *Shakit* involved a challenge, not to the authority of the district court to grant security, but to the amount of security granted. *Shakit,* 14 F.3d at 5.

Italmare urges that the district court incorrect ly premised the denial of counter-security upon the pending arbitration. In essence, Italmare's position is that the district court failed to exercise its discretion because the court erroneously believed that the pending arbitration barred its consideration of the matter.

The record in this appeal provides little information to aid our determination of the basis of the denial of counter-security. We only have the brief orders of the magistrate judge and the district court. Even they provide little insight into the reasoning of the court.[6] The express language of the district court order, however, states "[t]his action was stayed pending arbitration, and the motion for countersecurity was, *therefore,* denied." (Emphasis added). This language suggests that the court believed that the pending arbitration proceedings stood as an impediment to its authority to order counter-security. Moreover, the magistrate judge reserved Italmare's right to renew its request for counter-security at the conclusion of arbitration.[7] This language is some indication that the magistrate judge believed that consideration of counter-security was inappropriate so long as the matter was pending before the arbitrator.

We have previously held that pending arbitration proceedings do not affect the power of the district court to grant security. *See Transportes Caribe, S.A. v. M/V FEDER TRADER,* 860 F.2d 637, 638 (5th Cir.1988). Thus, if the district court indeed believed that it lacked the authority to order counter-security then the denial reflects a clear legal error and, under the standard discussed above, we are vested with jurisdiction over this appeal.

We must conclude from the face of the respective orders that the district court denied

---

[6]It was represented to this court at oral arguments that the magistrate judge had taken evidence, had weighed the arguments of the parties and had, in fact, exercised his discretion. However, we do not have a transcript of the hearing before the magistrate judge and thus look only to the orders to determine the basis for the denial.

[7]The order of the magistrate judge reads, in relevant part:

> The Court has considered the aforementioned motions and the arguments of counsel and determined that this matter should be stayed pursuant to the arbitration clauses....

> The motion[ ] of defendants' for countersecurity ... [is] denied with right to refile upon the completion of arbitration.

Italmare's request for counter-security for reasons based on erroneous legal assumptions. Because this appeal is from an order entered as the result of an erroneous application of the law, and not simply as the result of an exercise of discretion based on correct assumptions of law, we find that appellate jurisdiction is appropriate under the "collateral order doctrine."[8]

(2)

Having concluded that we have appellate jurisdiction, the proper resolution of this appeal becomes clear. Italmare was entitled to have the district court consider fully its request for counter-security, weigh all competing concerns and exercise its discretion in deciding whether and to what extent, if any, that its request should be granted. We therefore REMAND this case to the district court to consider the request for counter-security in accordance with our precedent. The ruling on the request should clearly state the reasons for the decision.

REMANDED.

\* \* \* \* \* \*

---

[8]Because we conclude that we have jurisdiction under the doctrine announced in *Cohen,* we need not address Italmare's alternative theory that jurisdiction exists under 28 U.S.C. § 1292(a)(3).