**NEWPARK SHIPBUILDING–
PELICAN ISLAND, INC.
Plaintiff,**

v.

**RIG PAN PRODUCER, its apparel, equipment, etc., in rem, Sasaran Perdana Sdn Bhd, Crest Petroleum Bhd, and Crest Hidayat (L) Ltd., its owners and/or operators, in personam Defendants.**

**No. CIV.A. G–03–117.**

United States District Court,
S.D. Texas,
Galveston Division.

May 5, 2003.

Frederick William Mahley, Strasburger & Price LLP, Houston, TX, for Newpark Shipbuilding–Pelican Island, Inc., plaintiff.

Charles Brannon Robertson, King & Spalding, Houston, TX, for Rig Pan Producer, its apparel, equipment, etc., in rem, Sasaran Perdanan Sbn Bhd, Crest Petroleum Bhd, Crest Hidayat (L) Ltd, its owner and/or operators, in personam, defendants.

### *ORDER GRANTING CREST HIDAYAT'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS AND DENYING AS MOOT PLAINTIFF NEWPARK SHIPBUILDING–PELICAN ISLAND, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT*

KENT, District Judge.

Plaintiff Newpark Shipbuilding–Pelican Island, Inc. ("Newpark") brings this lawsuit against the Rig PAN PRODUCER ("Rig" or "Vessel") [1], *in rem*, Sasaran Perdana Sdn Bhd ("Sasaran"), Crest Petroleum Bhd ("Crest Petroleum"), and Crest Hidayat ("Crest Hidayat"), *in personam*, for failure to pay for necessaries-ship repairs and refurbishment-that Newpark provided to the Rig. Now before the Court are Newpark's Motion for Partial Summary Judgment, Crest Hidayat's timely Response thereto, Crest Hidayat's Motion to Compel Arbitration and Stay Proceedings,[2] and Newpark's timely Response thereto. For the reasons articulated below, the Court **GRANTS** Crest Hidayat's Motion to Compel Arbitration and Stay Proceedings and **DENIES AS MOOT**

---

1. The PAN PRODUCER is a semi-submersible drilling rig. Neither Party disputes its vessel status. *Cf. Herb's Welding, Inc. v. Gray*, 470 U.S. 414, 416 n. 2, 105 S.Ct. 1421, 1424 n. 2, 84 L.Ed.2d 406 (1985) (distinguishing between floating rigs, which are vessels, and fixed rigs, which are not); *Bommarito v. Penrod Drilling Corp.*, 929 F.2d 186, 187 (5th Cir.1991) (considering a semi-submersible drilling rig to be a vessel for purposes of Jones Act recovery).

2. Sasaran and Crest Petroleum filed a Motion joining Crest Hidayat's Motion to Compel Arbitration and Stay Proceedings.

Newpark's Motion for Partial Summary Judgment.

## I. Background

On May 24, 2002, Newpark and Sasaran entered into an agreement (the "Contract") to repair and refurbish the Rig. Sasaran assigned its rights and obligations under the Contract to Crest Hidayat, which, allegedly, ceased making payments to Newpark for the repairs. On February 20, 2003, Newpark filed this lawsuit as well as a Motion to Arrest the Vessel. The Vessel was seized on February 21, 2003, and Newpark was appointed custodian on February 28, 2003.

On April 4, 2003, Newpark filed a Motion for Partial Summary Judgment on its claims against the Vessel and Crest Hidayat. Crest Hidayat timely responded and filed a Motion asking the Court to stay the proceedings and compel arbitration, pursuant to the Contract's arbitration clause, which states:

16.2. In the event the Parties hereto do not agree to settle or resolve a dispute, controversy or claim, the dispute, controversy or claim shall be subjected to a two step dispute resolution process which shall consist of informal discussions and negotiations in the first instance. In the event that informal discussions and negotiations do not result in resolution of the dispute, controversy or claim within a period of fourteen (14) days from the date of first notice of such dispute, then the Parties agree to resort to arbitration. Owner and Contractor agree that the dispute shall be settled by arbitration in Houston, Texas under the rules of the American Arbitration Association . . . .

Newpark responds, first, that there is no dispute to submit to arbitration and, second, that it has a right to proceed against the Vessel, *in rem.*

## II. Analysis

■ The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.,* "expresses a strong national policy favoring arbitration of disputes, and all doubts concerning the arbitrability of claims should be resolved in favor of arbitration." *Primerica Life Ins. Co. v. Brown,* 304 F.3d 469, 471 (5th Cir.2002) (citing *Southland Corp. v. Keating,* 465 U.S. 1, 10, 104 S.Ct. 852, 858, 79 L.Ed.2d 1 (1984)). Courts must answer two questions to determine arbitrability: first, did the parties agree to arbitrate; second, does any federal statute or policy render the claim nonarbitrable. *Id.* (citing *R.M. Perez & Assoc. v. Welch,* 960 F.2d 534, 538 (5th Cir.1992)).

■ To answer the first question-whether the parties agreed to arbitrate-the Court asks whether the purported agreement is valid and, if so, whether the dispute falls within its scope. *See Pers. Sec. & Safety Sys., Inc. v. Motorola, Inc.,* 297 F.3d 388, 392 (5th Cir.2002) (citing *OPE Int'l LP v. Chet Morrison Contractors, Inc.,* 258 F.3d 443, 445 (5th Cir.2001)). Newpark does not argue that the arbitration clause is invalid; instead, Newpark argues that Crest Hidayat's obligation is so clear-cut that there is no dispute to arbitrate-essentially, that this lawsuit is not a "dispute." Despite its creativity, Newpark's argument must fail. Obviously, a lawsuit is a dispute. And because a claim for failure to pay under the Contract falls within the scope of the arbitration clause, the court "may not delve further into the merits of the dispute." *Primerica,* 304 F.3d at 471 (quoting *Snap-On Tools Corp. v. Mason,* 18 F.3d 1261, 1267 (5th Cir.1994) (quoting *Mun. Energy Agency of Miss. v. Big Rivers Elec. Corp.,* 804 F.2d 338, 342 (5th Cir.1986))); *see also AT & T Techs., Inc. v. Communications Workers of Am.,* 475 U.S. 643, 649–50, 106 S.Ct. 1415, 1419, 89 L.Ed.2d 648 (1986)

("Whether 'arguable' or not, indeed even if it appears to the court to be frivolous, the [defendant's] claim … is to be decided, not by the court asked to order arbitration, but as the parties have agreed, by the arbitrator.").

■ Because the Court determines that this payment dispute is within the scope of the Contract's arbitration clause, the Court moves to the second question: whether any federal statute or policy renders the claim nonarbitrable. Newpark appears to argue that its right to proceed against the Vessel, *in rem,* trumps the Contract's arbitration provision. Although Newpark correctly argues that it has the right to proceed against the Vessel, *in rem,* its argument that an *in rem* action negates the obligation to arbitrate misconstrues the relationship between arbitration and *in rem* actions contemplated by the FAA. *See* 9 U.S.C. § 8. Section 8 of the FAA reads:

> ˙If the basis of jurisdiction be a cause of action otherwise justiciable in admiralty, then, notwithstanding anything herein to the contrary, the party claiming to be aggrieved *may begin his proceeding hereunder by libel and seizure of the vessel* or other property of the other party according to the usual course of admiralty proceedings, and the court *shall then have jurisdiction to direct the parties to proceed with the arbitration and shall retain jurisdiction to enter its decree upon the award.*

*Id.* (emphasis added). It is not the purpose of Section 8 to allow an *in rem* action to supersede an arbitration, but, instead, to allow the aggrieved party the benefit of "the traditional admiralty procedure with its concomitant security … without in any way lessening his obligation to arbitrate his grievance rather than litigate the merits in court." *The Anaconda v. Am. Sugar*

*Ref. Co.,* 322 U.S. 42, 46, 64 S.Ct. 863, 866, 88 L.Ed. 1117 (1944). Thus, because the Parties agreed to arbitrate disputes under their Contract and because no statute or policy directs otherwise, the Court must compel the Parties to submit this dispute to arbitration.

The Court notes that although this Order suspends litigation of the case's merits, the Court retains jurisdiction to rule on procedural matters and to enter a decree following the arbitration. *Cf. Atl. Fertilizer & Chem. Corp. v. Italmare, S.p.A.,* 117 F.3d 266, 268–69 (5th Cir.1997) (holding that a pending arbitration did not impede the district court's ability to grant security); *Transportes Caribe, S.A. v. M/V FEDER TRADER,* 860 F.2d 637, 638–39 (5th Cir.1988) (holding that the district court retained jurisdiction to rule on procedural issues, such as granting counter-security, and to enter a decree upon the arbitration award, despite staying the case pending arbitration). Although the Court will not countenance a sale of the Vessel before the arbitration is completed, it will do its best to minimize the expense and inconvenience experienced by the Parties and others with an interest in the Vessel during the pendency of this lawsuit.

### III. Conclusion

For the aforementioned reasons, the Court hereby **GRANTS** Crest Hidayat's Motion to Compel Arbitration and Stay Proceedings and **DENIES AS MOOT** Newpark's Motion for Partial Summary Judgment. Accordingly, the Court hereby **STAYS** and **ADMINISTRATIVELY CLOSES** this case until the Parties initiate and complete the dispute resolution process agreed upon in their Contract. Within thirty (30) days of the completion of those proceedings, either Party may move to reopen this case. Each Party is

to bear its own taxable costs and expenses incurred herein to date.

IT IS SO ORDERED.