# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50932

United States Court of Appeals
Fifth Circuit

**FILED**

October 10, 2019

Lyle W. Cayce
Clerk

ELENA SAMMONS; MICHAEL SAMMONS,

      Plaintiffs - Appellants

v.

GEORGE ECONOMOU, Chairman of the Board and CEO for Dryships, Incorporated; DRYSHIPS, INCORPORATED, A Corporation Incorporated,

      Defendants - Appellees

Appeal from the United States District Court
for the Western District of Texas

Before DAVIS, GRAVES, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:

This case involves the appeal of two district court orders. The first requires that appellant Michael Sammons pay $26,726 in costs under Federal Rule of Civil Procedure 41(d),[1] and the second administratively closes the case pending such payment. Because these orders are not final judgments, they do not fall within any exception to the final judgment rule, and mandamus relief is inappropriate in this case, we DISMISS for lack of jurisdiction.

---

[1] Specifically, Mr. Sammons was ordered to pay $18,537.18 to Appellee George Economou and $8,188.81 to Appellee Dryships, Inc.

No. 18-50932

I

On July 3, 2017, appellant Michael Sammons filed a complaint in the High Court of the Republic of the Marshall Islands (RMI court) asserting direct claims against appellees for breach of fiduciary duties, fraud, and unjust enrichment, as well as a derivative claim on behalf of DryShips, Inc. against George Economou. On February 2, 2018, the RMI court stated that "it was inclined to grant [appellees'] motions to dismiss." Before the motions were granted, however, Mr. Sammons filed "Plaintiff's Motion for Voluntary Dissal (sic) Without Prejudice," which amounted to a Federal Rule of Civil Procedure 41(a)(1)(A) notice of dismissal without prejudice. The RMI court acknowledged the dismissal but found that Mr. Sammons engaged in "gamesmanship" and "wasted the Court's time and resources." Appellants then filed this action in the Western District of Texas on February 27, 2018 based on similar allegations. On March 14, 2018, Mr. Economou and DryShips, Inc. moved for reimbursement of costs incurred in the action before the RMI court pursuant to Fed. R. Civ. P. 41(d) and a stay of the case pending payment.[2] The district court granted the costs motion in part and administratively closed the case pending payment, prompting this appeal.

II

Appellants urge three separate grounds for jurisdiction. First, that this is a direct appeal from a final judgment; second, that the collateral order doctrine should apply; and third, that a writ of mandamus is appropriate. We address each in turn.

---

[2] Under Fed. R. Civ. P. 41(d):
> If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all of part of the costs of [a] previous action; and (2) may stay the proceedings until the plaintiff has complied.

No. 18-50932

## Direct Appeal from a Final Judgment

The appellants first allege that this is a direct appeal from a final judgment because "[a] case which has been 'administratively closed' . . . pending occurrence of an event which will never occur . . . is the functional equivalent of a dismissal over which an appellate court can exercise review." Under 28 U.S.C. § 1291, "a final judgment is normally deemed not to have occurred until there has been a decision by the District Court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Henry v. Lake Charles Am. Press, L.L.C.*, 566 F.3d 164, 171 (5th Cir. 2009) (cleaned up). "We have held that . . . an administrative closure is the functional equivalent of a stay and a stay will not support appellate jurisdiction under 28 U.S.C. § 1291." *Int'l Ass'n of Machinists & Aerospace Workers Local Lodge 2121 AFL-CIO v. Goodrich Corp.*, 410 F.3d 204, 209 (5th Cir. 2005) (citing *Mire v. Full Spectrum Lending, Inc.*, 389 F.3d 163, 167 (5th Cir. 2004)). Since the district court has yet to address the merits of appellants' claims, the orders below do not amount to a final judgment in the case.

## Collateral Order Doctrine

Appellants also invoke the collateral order doctrine as a basis for jurisdiction. We have jurisdiction under 28 U.S.C. § 1291 pursuant to the collateral order doctrine when an order: (1) "conclusively determine[s] the disputed question;" (2) "resolve[s] an important issue completely separate from the merits of the action;" and (3) is "effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978). The orders at issue in this case fail to meet the third requirement.

We have previously held that other, similar interim fee orders are not effectively unreviewable following a final judgment. *See, e.g., Netsphere, Inc. v. Baron*, 799 F.3d 327, 335 (5th Cir. 2015) (receiver fees); *Campanioni v. Barr*, 962 F.2d 461, 463 (5th Cir. 1992) (Criminal Justice Act fees); *Ruiz v. Estelle*,

609 F.2d 118, 119 (5th Cir. 1980) (attorneys' fees). This is so because the recipients of the fees can pay them back if the appellants win their appeal following a final judgment. *See Netsphere, Inc.*, 799 F.3d at 336 ("[T]here are no allegations—and certainly no proof—that the receiver or its counsel would be unable to pay back the awards if [appellant] prevails.").[3]

There are at least two exceptions to this pre-final judgment fee rule. First, a pre-final judgment fee award is reviewable if "mere payment of the fees would make them unrecoverable." *Netsphere, Inc.*, 799 F.3d at 335–36; *see S.E.C. v. Forex Asset Mgmt. L.L.C.*, 242 F.3d 325, 330 (5th Cir. 2001). For example, in *Forex Asset Mgmt. L.L.C.*, we found that a decision by the district court to approve a receiver's distribution plan was reviewable because "the assets from the receivership [would] be distributed, and likely unrecoverable, long before the action . . . [would be] subject to appellate review." 242 F.3d at 330. Here, there is no allegation that the costs awarded will be unrecoverable upon successful appeal of a final judgment. There is no indication that appellees or their attorneys are judgment-proof, and only a few interested parties will receive payment in this case.

Second, pre-final judgment fee awards are reviewable when "it is unlikely that there will ever be a 'final judgement' for this court to review." *Walker v. U.S. Dept. of Housing and Urban Dev.*, 99 F.3d 761, 766–67 (5th Cir. 1996). For example, in *Walker*, an award of attorneys' fees was reviewable because of the "ongoing and possibly permanent nature of monitoring and

---

[3] To support their contention that this court has jurisdiction under the collateral order doctrine, appellants cite to *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949) and *Atlantic Fertilizer & Chemical Corp. v. Italmare, S.p.A.*, 117 F.3d 266 (5th Cir. 1997). Both of these cases involve appeals of orders denying security, which are distinct from pre-final judgment fee awards precisely because they may be effectively unreviewable on appeal from a final judgment. *See Cohen*, 337 U.S. at 546 ("When [a final judgment] comes, it will be too late effectively to review the present order and the rights conferred by the statute, if it is applicable, will have been lost, probably irreparably.").

preventing further changes to" an ongoing desegregation consent decree. *Id.* at 765–66. Although appellants claim that their case has been effectively dismissed based on the administrative closure, this results entirely from their objection to, and consequent unwillingness to pay, the ordered costs. Refusal to comply, without more, is not an adequate basis for avoiding the general rule that pre-final judgment fee awards are not reviewable under the collateral order doctrine. *See E.E.O.C. v. Neches Butane Prods. Co.*, 704 F.2d 144, 148 (5th Cir. 1983) (finding no jurisdiction to consider the appeal of a stay pending compliance with a discovery order). Since there is no indication that the ordered costs could not be paid and later recovered upon a successful appeal of a final judgment, the collateral order doctrine is not an adequate basis for jurisdiction in this case.[4]

## Mandamus Relief

Finally, appellants seek a writ of mandamus. "To be entitled to the extraordinary remedy of mandamus, [appellants have] to satisfy three requirements." *In re Am. Lebanese Syrian Associated Charities, Inc.*, 815 F.3d 204, 206 (5th Cir. 2016). First, there must be "no other adequate means to

---

[4] We note that, in an unpublished opinion several decades ago, the Ninth Circuit stated that a stay pursuant to Fed. R. Civ. P. 41(d) "is appealable under 28 U.S.C. § 1291 since it could put [appellants] 'effectively out of court.'" *Chien v. Hathaway*, 17 F.3d 393, \*1 (9th Cir. 1994) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 10 (1983)). For this proposition, the Ninth Circuit relied on a series of cases in which appellants' federal actions were stayed pending either state or administrative proceedings. Because the results of those collateral proceedings would have restricted review in federal court, the appellants were effectively put out of court. *See Moses H. Cone Mem'l Hosp.*, 460 U.S. at 10; *United States v. General Dynamics Corp.*, 828 F.2d 1356, 1360 (9th Cir. 1987); *Silberkleit v. Kantrowitz*, 713 F.2d 433, 434 (9th Cir. 1983). We do not find stays ordered pursuant to Fed. R. Civ. P. 41(d) analogous. In fact, relying on the same Supreme Court precedent, we have previously stated that "[a] case in which 'the plaintiff himself *may choose* not to proceed' is simply not the same as one in which 'the district court *refuses to allow*' the plaintiff to litigate in federal court." *Neches Butane Prods. Co.*, 704 F.2d at 150–51 (quoting *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 10 n.11). Appellants can pay the ordered costs, litigate their case to a final judgment, and then appeal. They are not effectively out of court.

No. 18-50932

attain the relief [desired]." *Id.* (cleaned up). Second, they must show "a clear and indisputable right to the writ." *Id.* (cleaned up). "And third, the court must be satisfied that the writ is appropriate under the circumstances." *Id.* (cleaned up). Appellants fall short of the first requirement.

"Where an interest can be vindicated through direct appeal after a final judgment, this court will ordinarily not grant a writ of mandamus." *Campanioni*, 962 F.2d at 464. In *Gregory v. Dimock*, the Second Circuit granted a writ of mandamus to set aside a Fed. R. Civ. P. 41(d) stay that acted as an absolute bar to an indigent plaintiff's case. 286 F.2d 717, 718 (2d Cir. 1961). Unlike that case, appellants here do not allege that they are unable to pay. Unwillingness to pay based on disagreement with the district court's decision is insufficient. Appellants can obtain relief through direct appeal after a final judgment. Therefore, we decline to issue a writ of mandamus.

III

For the foregoing reasons, the case is DISMISSED for lack of jurisdiction.