# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 12, 2022

Lyle W. Cayce
Clerk

No. 21-11050
Summary Calendar

Timothy Randolph Wallace,

*Petitioner—Appellant*,

*versus*

Bobby Lumpkin, *Director, Texas Department of Criminal Justice, Correctional Institutions Division*,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:21-CV-9

Before Barksdale, Higginson, and Ho, *Circuit Judges*.

Per Curiam:*

Timothy Randolph Wallace, Texas prisoner # 894160 and proceeding *pro se*, is a sanctioned litigant barred from filing any civil action in the Northern and Western Districts of Texas without judicial permission.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-11050

Wallace filed a 28 U.S.C. § 2254 petition challenging:  disciplinary convictions and sanctions imposed while in the custody of the Texas Department of Criminal Justice; and the conditions of his confinement. Because Wallace failed to obtain judicial permission prior to filing his petition, a magistrate judge ordered the proceeding administratively closed and admonished Wallace of his duty to comply with the sanctions orders. Wallace appeals that order, contending he is in imminent danger due to violations of his religious liberties.

Our court must examine the basis of appellate jurisdiction, on our own motion if necessary.  *E.g.*, *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). "The courts of appeals . . . have jurisdiction of appeals from all final decisions of the district courts of the United States".  28 U.S.C. § 1291.  A magistrate judge's order is not a final, appealable order over which our court has jurisdiction unless the parties were proceeding by consent, of which there is no evidence in this proceeding.  *E.g.*, *Donaldson v. Ducote*, 373 F.3d 622, 624 (5th Cir. 2004).  (In addition, even if entered by the district court, an order administratively closing a proceeding is not appealable.  *See Sammons v. Economou*, 940 F.3d 183, 185–86 (5th Cir. 2019) (explaining "administrative closure is the functional equivalent of a stay and a stay will not support appellate jurisdiction under 28 U.S.C. § 1291" (citation omitted)).)

DISMISSED.

2