# United States Court of Appeals
# for the Fifth Circuit

————————

No. 24-20040
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

October 15, 2024

Lyle W. Cayce
Clerk

Patrick Bernard Smith,

*Petitioner—Appellant*,

*versus*

Bobby Lumpkin, *Director, Texas Department of Criminal Justice, Correctional Institutions Division*,

*Respondent—Appellee*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:23-CV-4569

_____

Before King, Southwick, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

The district court interpreted a letter from Patrick Bernard Smith, Texas prisoner # 00896428, as seeking to file a Section 2254 application. The court informed Smith of the steps needed to complete the opening of such proceedings. Smith informed the court that he did not intend to file such an

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-20040

application, and the court ordered that the case be administratively closed. Smith appealed and later filed a motion to amend his appellate brief.

This court must consider whether it has jurisdiction to review the merits of an appeal. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). We have jurisdiction to review (1) final decisions under 28 U.S.C. § 1291, (2) certain interlocutory decisions under 28 U.S.C. § 1292(a); and (3) interlocutory orders certified as final under Federal Rule of Civil Procedure 54(b) or as appealable under § 1292(b). *United States v. Powell*, 468 F.3d 862, 863 (5th Cir. 2006). We may also review certain decisions under the collateral order doctrine. *See Martin v. Halliburton*, 618 F.3d 476, 481-82 (5th Cir. 2010). The district court's order is not a final decision, *see Sammons v. Economou*, 940 F.3d 183, 186 (5th Cir. 2019), nor does it fall within any of the other categories of appealable orders.

Consequently, the appeal is DISMISSED for lack of jurisdiction. The motion to amend is DENIED as moot.