Joseph FERRELL, Petitioner-Appellee,

v.

W. J. ESTELLE, Jr., Director, Texas Department of Corrections, Respondent-Appellant.

No. 77-1224.

United States Court of Appeals, Fifth Circuit.

May 9, 1978.

* United States Circuit Judge for the Eighth Circuit, sitting by designation.

John L. Hill, Atty. Gen., Austin, Tex., Alvin K. James, Asst. Atty. Gen., David M. Kendall, 1st Asst. Atty. Gen., Joe B. Dibrell, Douglas M. Becker, Asst. Attys. Gen., Houston, Tex., for respondent-appellant.

John Ackerman, N.C.C. D. L. P.D., Houston, Tex. (Court-appointed), for petitioner-appellee.

Before GOLDBERG, CLARK, and IN-GRAHAM, Circuit Judges.

BY THE COURT:

■ No petition for rehearing or motion for stay of mandate having been filed within the prescribed 21-day period, a certified copy of this court's opinion dated March 2, 1978, was issued as and for the mandate in this cause on March 24, 1978. *Ferrell v. Estelle*, 568 F.2d 1128 (5th Cir. 1978). On April 12, 1978, the respondent moved this court to recall the mandate and to withdraw the opinion on the basis that he has recently discovered that petitioner died January 5, 1978. Respondent advises that he has also moved the district court to which the cause was remanded for relief from the judgment pursuant to Fed.R. Civ.P. 60(b).

Fed.R.App.P. 43(a) provides:

(a) Death of a Party. If a party dies after a notice of appeal is filed or while a proceeding is otherwise pending in the court of appeals, the personal representative of the deceased party may be substituted as a party . . . .. If the deceased party has no representative, any party may suggest the death on the record and proceedings shall then be had as the court of appeals may direct.

Local Rule 15 of this court provides: "A mandate once issued shall not be recalled except to prevent injustice." This court retains jurisdiction over its mandates to prevent injustice. *Gradsky v. United States*, 376 F.2d 993, 995 (5th Cir.), *cert. denied sub nom. Grene v. United States*, 389 U.S. 908, 88 S.Ct. 224, 19 L.Ed.2d 224 (1967). In the exercise of that jurisdiction, the court recalls its mandate and withdraws its opinion dated March 2, 1978.

MANDATE RECALLED.

OPINION WITHDRAWN.