OPINION JUDGMENT ENTRY
{¶ 1} Appellant Scott Lee Patterson appeals from his felony conviction in the Richland County Court of Common Pleas. The appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.
 {¶ 2} On September 13, 2002, appellant was indicted on one count of sexual battery and one count of unlawful sexual conduct with a minor, both felonies of the third degree. The charges stemmed from an incident on July 22, 2002, wherein a female friend of the fourteen-year-old female victim discovered appellant engaging in cunnilingus, intercourse, and digital penetration with said victim. Appellant pled not guilty to the charges, and the matter proceeded to a jury trial. Among the witnesses called by the prosecutor were the female victim and the victim's friend's mother, who had originally contacted the Mansfield Police. Appellant, during the trial, asked at one point to sit closer to the victim's friend during her testimony because of his claimed hearing impairment. The court refused to grant the request, although appellant was permitted to sit closer to some of the other witnesses.
 {¶ 3} Following the presentation of the evidence in the two-day trial, the jury returned a verdict of guilty on both counts. On April 14, 2003, the trial court sentenced appellant to five years in prison, and classified appellant as a sexual predator.
 {¶ 4} Appellant timely appealed and herein raises the following two Assignments of Error:
 {¶ 5} "I. The trial court failed to insure that the appellant's right to a fair trial was protected, when it failed to make reasonable accommadations (sic) for his hearing impairment so he could confront his accussers (sic).
 {¶ 6} "II. Appellant was denied his right to effective assistance of counsel, when counsel failed to petition court for reasonable accommodations for his hearing impairment."
 I. {¶ 7} In his First Assignment of Error, appellant contends the trial court denied him a fair trial by failing to provide reasonable accommodations for his claimed hearing impairment. We disagree.
 {¶ 8} The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him * * *." "A defendant who cannot hear is analogous to a defendant who cannot understand English, and a severely hearing-impaired defendant cannot be tried without adopting reasonable measures to accommodate his or her disability." State v. Schaim (1992), 65 Ohio St.3d 51, 64, citing Ferrell v. Estelle (C.A. 5, 1978), 568 F.2d 1128, 1132, vacated on other grounds 573 F.2d 867; People v. Rivera (1984),125 Misc.2d 516, 527-528, 480 N.Y.S.2d 426, 433-434. Thus, the Sixth Amendment requires a trial court to grant an evidentiary hearing when a defendant makes a credible claim that he or she is seriously hearing-impaired. Id.
 {¶ 9} In the case sub judice, the record indicates that appellant had with him at trial a hearing aid device. Appellant's trial counsel first raised the issue of appellant's hearing capabilities when the State called the victim's teenage friend to the stand Trial counsel at that point requested that appellant be allowed to sit closer to the witness, which the court denied. Tr. at 41-42. The court thereupon indicated that the witness would be instructed to speak louder if appellant could not hear, and directed the prosecutor to stand back to encourage the witness to increase her speaking volume. Id.
 {¶ 10} During the testimony of the victim's friend's mother, appellant's counsel again requested that appellant be allowed to sit closer to the witness box. Tr. at 102. On this occasion, the court granted the request. Id.
 {¶ 11} Next, during the victim's testimony, defense counsel interjected and notified the court that appellant was having a problem with his hearing aid batteries. Tr. at 179. However, after defense counsel conferred with appellant, counsel stated: "He says go ahead, Judge." Tr. at 180. Additionally, a brief discussion was held between both counsel and the trial judge at the end of the first day of trial, wherein the court noted: "We have tried all day to have him sit right by the court reporter except when the two girls were on the stand If there is anything else that we can do tomorrow. . . . I was glad he got his hearing aid working again." Id at 235.
 {¶ 12} Upon review of the record, we find no demonstration of a hearing impairment sufficient to warrant reversal on Sixth Amendment grounds for failure to reasonably accommodate. As the State notes, only on one occasion during the trial was there a problem with appellant's hearing aid, which was quickly resolved. Similar to the facts in State v. Taylor (2002),98 Ohio St.3d 27, 37, appellant never requested an interpreter or other accommodation for his claimed impaired hearing (other than seeking to sit closer to the witnesses), nor did he proffer any expert testimony on the issue of hearing impairment. Furthermore, our review of the sentencing hearing transcript reveals appellant had little apparent difficulty hearing the judge, prosecutor and defense counsel during his sentencing hearing. Cf. State v.Legge, Champaign App. No. 2001-CA-17, 2002-Ohio-4336.
 {¶ 13} Appellant's First Assignment of Error is therefore overruled.
 II. {¶ 14} In his Second Assignment of Error, appellant contends his trial counsel was ineffective for failing to petition for reasonable accommodations for his claimed hearing impairment. We disagree.
 {¶ 15} Our standard of review is set forth in Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Ohio adopted this standard in the case of State v. Bradley
(1989), 42 Ohio St.3d 136, 538 N.E.2d 373. These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel. First, we must determine whether counsel's assistance was ineffective; whether counsel's performance fell below an objective standard of reasonable representation and was violative of any of his essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. Id. Trial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. State v. Sallie (1998), 81 Ohio St.3d 673, 675,693 N.E.2d 267.
 {¶ 16} Given that trial counsel made several hearing impairment-related requests to the court on appellant's behalf, despite the apparently properly-functioning hearing aid, we are unpersuaded appellant's trial counsel violated any essential duty to her client. If appellant is herein seeking to show that his hearing impairment is more severe than what was revealed at trial, we would find such an argument speculates as to evidence dehors the record, and therefore is not properly raised in a direct appeal. See State v. Lawless, Muskingum App. No. CT2000-0037, 2002-Ohio-3686, citing State v. Cooperrider
(1983), 4 Ohio St.3d 226, 228, 448 N.E.2d 452.
 {¶ 17} Accordingly, appellant's Second Assignment of Error is overruled.
 {¶ 18} For the foregoing reasons, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby affirmed.
Wise, J., Gwin, P.J., and Edwards, J., concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.
Costs to appellant.