**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**October 25, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 05-50918

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ISAAC POWELL,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas

Before JONES, Chief Judge, SMITH and STEWART, Circuit Judges.

CARL E. STEWART, Circuit Judge:

Because this court lacks jurisdiction in this case, we dismiss petitioner's claims. We also hold that court-appointed counsel are not required to file *Anders* briefs in frivolous appeals from non-appealable orders.

FACTUAL AND PROCEDURAL BACKGROUND

Isaac Powell was under supervised release arising out of a previous counterfeit security conviction when the government requested a blood sample pursuant to the DNA Act. Powell initially refused, but after discussions with the district court judge who warned Powell that if he did not submit the blood sample he could face revocation of his supervised release, he relented and provided

the sample to the government.  Powell challenges the constitutionality of the DNA Act in this appeal.

DISCUSSION

Powell challenges the constitutionality of the DNA Act which, despite Powell's attempted arguments to the contrary, is well settled.  *See Groceman v.  United States Dep't of Justice*, 354 F.3d 411, 413 (5th Cir.  2004).

Because Powell appeals from a non-appealable order, this court lacks jurisdiction.  Federal appellate courts have jurisdiction over three types of appeals: (1) final orders, 28 U.S.C. § 1291; (2) certain specific types of interlocutory appeals, 28 U.S.C. § 1292(a); and (3) an appeal in which the district court has certified the question as final pursuant to Fed.  R.  Civ.  P.  54(b), 28 U.S.C. § 1292(b).  *See Dardar v.  Lafourche Realty Co., Inc.*, 848 F.2d 955, 957 (5th Cir. 1998).

Powell's attorney has filed an *Anders* brief.  *Anders v. California*, 386 U.S. 738 (1967), set guidelines for when court-appointed attorneys can withdraw from frivolous appeals.  Court-appointed attorneys who wish to withdraw because they represent indigent clients who want to pursue frivolous appeals must undertake a "conscientious" examination of the case, request permission to withdraw and, submit a "brief referring to anything in the record that might arguably support the appeal." *Anders*, 386 U.S. at 744.

There is no *Anders* duty in situations such as this where defendant seeks an appeal of a non-appealable order over which this court has no jurisdiction.  Such situations implicate none of the concerns underlying the *Anders* framework as no jurisdiction for an appeal even exists.  Additionally, the duty to fulfill the *Anders* requirements is only recognized in situations where defendants have a constitutional right to counsel.  *See Pennsylvania v.  Finley*, 481 U.S. 551, 555 (1987).  Thus, court-appointed counsel can withdraw in situations like these without fulfilling the requirements of *Anders*.

2

## CONCLUSION

The appeal is DISMISSED for lack of jurisdiction.

DISMISSED.