**Concurring opinion issued January 23, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-00601-CR

————————————

**FRANCISCO J. CASTREJON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Criminal Court at Law No. 1**
**Harris County, Texas**
**Trial Court Case No. 1787812**

---

**CONCURRING OPINION**

I concur in the court's judgment, affirming Castrejon's conviction. Specifically, I agree that Castrejon waived his complaint about the absence of an appropriate translator by failing to request one as provided by law. I also agree that

he has failed to demonstrate any harm resulting from the admission of the recording. Those reasons are fully sufficient to resolve this appeal. *See* TEX. R. APP. P. 33.1, 44.2.

I disagree with the majority's further analysis—which is pure dicta—positing that the Spanish-language recording was admissible because the testimony of Officer Das qualified as a translation of foreign language documents under the rules of evidence. *See* TEX. R. EVID. 1009(e). This thoroughly unnecessary frolic is misguided for at least three reasons.

First, the analysis completely misses the point about the admissibility of the foreign language document itself, i.e., the audio recording of the conversation in Spanish between Castrejon and Das. Rule 1009(e) authorizes the admission of a "translation" of foreign language documents at trial—it does not address Castrejon's complaint about admitting and publishing to the jury the Spanish-language recording.[1]

Second, Das's testimony never purported to be a "translation" of the recording. Instead, she testified in English about her memory and understanding of

---

[1] The State, in its brief, agrees. The first section of its analysis is titled: "Rule 1009 does not apply to appellant's trial." State's Br. at 7.

what was communicated between her and Castrejon.[2] That is not the same thing as the "translation of foreign language documents," which implies transforming a foreign language document into a restatement of the substance of that document into the same substance expressed in English. In her testimony, Das distinguished between her memory of the interaction and what she wrote in her offense report, which she characterized as a "fairly accurate" "summary of and translation of the conversation," though not a "word-for-word transcription." 4 CR 68. The offense report was not admitted into evidence, though it was used at trial for impeachment purposes. The recording was not played during her testimony. Das's testimony did include some references to "translation," such as when she testified, "And then I said, translation is, 'Do you want a blow job or a f___?'" However, such references were expressions in English of what was communicated in Spanish, based on her first-hand memory of the conversation. They were not translation "of foreign language documents at trial by live testimony" as contemplated by Rule 1009(e). That rule is simply inapplicable.

---

[2] The State, in its brief, agrees. It argues: "Officer Das never translated the audio recording," and that "[s]he only testified from memory regarding what appellant told her when he propositioned her." State's Br. at 7.

Finally, to support its reliance on Rule 1009(e), the majority takes the additional step of writing the "qualified expert translator" standard out of the rule.[3] The majority replaces that standard with article 38.30(a) of the Code of Criminal Procedure, and thus imposes a much lower standard for the translation of foreign language documents at trial than the Rule 1009(e) "qualified expert translator" standard. Although it is not unprecedented to seek guidance from article 38.30 in this circumstance,[4] I respectfully suggest that such an analysis confuses the different purposes of the two rules. Rule 1009(e) is, self-evidently, a rule of evidence governing "Expert Testimony of Translator" in the broader context of

---

[3]   The majority is forced to resort to this reasoning to justify its insistence upon including the Rule 1009(e) analysis because Officer Das could not possibly have served as a "qualified expert translator" as required by the text of the rule. She is not "qualified as an expert" in translation from Spanish to English "by knowledge, skill, experience, training, or education." TEX. R. EVID. 702. Das admitted at trial that she is not fluent in Spanish. She also lacks relevant training or education. On cross-examination she testified that she had taken some Spanish classes, though none in the past five years.

[4]   *See, e.g.*, *Leal v. State*, 782 S.W.2d 844, 849 (Tex. Crim. App. 1989). Of the three reported instances in which the Court of Criminal Appeals has relied upon *Leal* in a majority opinion, none has been for the proposition discussed above concerning the qualifications of interpreters for purposes of adducing evidence at trial. *See Hacker v. State*, 389 S.W.3d 860, 871 n.39 (Tex. Crim. App. 2013) (citing *Leal* in support of proposition that "motive alone is not sufficient to corroborate the testimony of an accomplice"); *Ex parte Goodbread*, 967 S.W.2d 859, 864 (Tex. Crim. App. 1998) (quoting *Leal* for proposition that an indictment "may not charge more than one offense"); *Colella v. State*, 915 S.W.2d 834, 856 (Tex. Crim. App. 1995) (citing *Leal* for proposition: "Evidence of motive alone is never sufficient to corroborate the testimony of an accomplice witness.").

Rule 1009, which governs "Translation of Foreign Language Documents." Distinct from the procedure for *translation of foreign language evidence* so that it can be understood by the jury and used in determining guilt or innocence, Article 38.30 of the Code of Criminal Procedure addresses a completely different need for *courtroom interpreters*—the need to accommodate "a person charged or a witness" who "does not understand and speak the English language." TEX. CODE CRIM. PROC. ANN. art. 38.30(a) (West Supp. 2013). In such a circumstance, article 38.30 specifies a procedure by which "an interpreter must be sworn to interpret for the person charged or the witness." *Id*. The interpreter provided under article 38.30 ensures due process[5] by facilitating an understanding of trial proceedings for the purposes of a defendant or a witness.[6] The rule does not purport to undercut the standard applicable to translating documents for evidentiary purposes at trial. Nevertheless, the majority has interpreted Rule 1009(e)—titled "Expert Testimony

---

[5] *See Linton v. State*, 275 S.W.3d 493, 500 (Tex. Crim. App. 2009) ("The federal constitution 'requires that a defendant sufficiently understand the proceedings against him to be able to assist in his own defense.'" (quoting *Ferrell v. Estelle*, 568 F.2d 1128, 1132 (5th Cir. 1978), *withdrawn on appellant's death*, 573 F.2d 867); *Garcia v. State*, 149 S.W.3d 135, 140 (Tex. Crim. App. 2004) ("The right to be present includes the right to understand the testimony of the witnesses.").

[6] Similarly, section 21.023 of the Civil Practice and Remedies Code allows a person "well versed in and competent to speak the Spanish and English languages" to serve as a "court interpreter" in certain counties, including Harris County. TEX. CIV. PRAC. & REM. CODE § 21.023 (West 2008); *see also id*. § 21.021(4).

of Translator"—to authorize the State to use police officers who have no special knowledge, training, or qualification as interpreters or translators for the purpose of offering translations of foreign language documents into evidence at trial, even if the officer admits that she is not fluent in the language. This is an incorrect and unnecessary interpretation of Rule 1009(e), but at least it can be disregarded as dicta.

All of these difficulties would be avoided were the panel majority content to rely on well-established principles requiring preservation of error and demonstration of harm to overturn a conviction. *See* TEX. R. APP. P. 33.1, 44.2. Because the majority insists on embellishing its analysis, I cannot join its opinion. I therefore concur only in affirming the judgment of the trial court.

Michael Massengale
Justice

Panel consists of Justices Keyes, Higley, and Massengale.

Publish. TEX. R. APP. P. 47.2(b).

Justice Massengale, concurring.