# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-10855
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 1, 2015

Lyle W. Cayce
Clerk

MICHAEL W. BOHANNAN,

Plaintiff-Appellant

v.

WESLEY GRIFFIN, CSOT Case Manager; JOHN DOE, I, CSOT, Case Manager Supervisor; ALLISON TAYLOR, in Individual Capacity Only; MARSHA MCLANE, Executive Director for the Office of Violent Sex Offender Management; LISA WORRY, CSOT and OVSOM Program Specialist; DEBORAH MORGAN, CSOT Program Specialist; LILES ARNOLD, CSOT Chairperson; MARIA MOLETT, CSOT Member; AARON PIERCE, CSOT Member; DAN POWERS, CSOT Member and OVSOM Board Chairperson; RONNIE FANNING, CSOT Member; ALIDA HERNANDEZ, CSOT Member,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CV-299

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10855

Michael W. Bohannan, Texas prisoner # 1841746, filed the instant 42 U.S.C. § 1983 suit to seek redress against several prison officials for various acts. In this appeal, he challenges both an order of the district court denying several motions and the district court's subsequent denial of his motion for new trial with respect to this order.

We should always be cognizant of jurisdictional issues and should review our jurisdiction sua sponte when necessary. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). Federal appellate courts have jurisdiction over appeals from final orders, certain interlocutory orders, proceedings that are deemed final due to jurisprudential exception, and orders that have been certified as final or that have been properly certified for appeal by the district court. 28 U.S.C. §§ 1291, 1292(a),(b); FED. R. CIV. P. 54(b); *United States v. Powell*, 468 F.3d 862, 863 (5th Cir. 2006); *Dardar v. Lafourche Realty Co.*, 849 F.2d 955, 957 (5th Cir. 1988).

Insofar as Bohannan seeks to appeal the district court's August 2014 judgment dismissing Lupe Ruedas from the suit, we lack jurisdiction to consider these arguments because Bohannan filed no notice of appeal from this judgment. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007). Insofar as Bohannan seeks to appeal the district court's denial of his motions to return the case to the Western District, to add a defendant and a claim, to reinstate his access to courts claim, and for discovery we likewise lack jurisdiction to consider these claims because they do not challenge an appealable final order.

Bohannan's argument that the dismissal of his due process claim may be considered under the collateral order doctrine is unavailing because this issue is not "completely separate from the merits of the case." *See NCDR, L.L.C. v. Mauze & Bagby, P.L.L.C.*, 745 F.3d 742, 747 (5th Cir. 2014). Insofar as he argues that his interlocutory appeal may be considered because this court

retains jurisdiction over its mandate to prevent injustice, *see Ferrell v. Estelle*, 573 F.2d 867, 868 (5th Cir. 1978), this argument is not persuasive. Bohannan's appeal is DISMISSED FOR WANT OF JURISDICTION insofar as he challenges the disposition of his motions to return the case to Western District of Texas, to add a defendant and claims, to reinstate a dismissed claim, and for discovery and the district court's subsequent denial of his motion for new trial with respect to this order.

We do, however, have jurisdiction to consider Bohannan's challenge to the district court's denial of his request for appointed counsel. *See Robbins v. Maggio*, 750 F.2d 405, 413 (5th Cir. 1985). Because Bohannan has not shown that his is the exceptional civil case warranting appointed counsel, he has not shown that the district court abused its discretion in denying this request. *See Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987); *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).

We also have jurisdiction to consider Bohannan's challenge to the district court's denial of his request for injunctive relief, which is best construed as a request for a preliminary injunction. *See Ali v. Quarterman*, 607 F.3d 1046, 1048 (5th Cir. 2010); *see also* 28 U.S.C. § 1292(a)(1). Nonetheless, because he has not shown that he will suffer irreparable injury absent such relief, he has not shown that he is entitled to the "extraordinary remedy" of a preliminary injunction or that the district court abused its discretion by denying this request. *See Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009). The district court's denial of Bohannan's requests for appointed counsel and injunctive relief are AFFIRMED. Finally, Bohannan's motion to supplement the record and to excuse him from filing multiple copies of his brief is DENIED.

DISMISSED IN PART FOR WANT OF JURISDICTION; AFFIRMED IN PART; MOTION DENIED.