# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50773
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 1, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HECTOR DE HOYOS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-1709-1

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

Hector De Hoyos, federal prisoner # 43465-180, was adjudged guilty after a jury trial of conspiring to possess with the intent to distribute less than 50 kilograms of marijuana. He was sentenced to 120 months of imprisonment and five years of supervised release, and his conviction and sentence were affirmed on direct appeal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50773

De Hoyos and the Government filed a joint 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based upon Amendment No. 782 to the Sentencing Guidelines, which lowered the base offense levels under U.S.S.G. § 2D1.1 for drug-related offenses.  The district court denied § 3582(c)(2) relief, and, within the time period for filing a notice of appeal, De Hoyos filed both a motion for reconsideration and a notice of appeal.

Before addressing the merits of the appeal, this court must examine the basis of its jurisdiction on its own motion if necessary.  *See United States v. De Los Reyes*, 842 F.2d 755, 757 (5th Cir. 1988).  Under Federal Rule of Appellate Procedure 4(b)(3), the time period for filing a notice of appeal is tolled by the filing of certain post-judgment motions.  Although not listed among the motions in Rule 4(b)(3)(A), a timely motion for reconsideration, as was filed in the instant case, tolls the period for filing a notice of appeal.  *See* FED. R. APP. P. 4(b); *United States v. Brewer*, 60 F.3d 1142, 1143-44 (5th Cir. 1995).  De Hoyos's notice of appeal is thus ineffective to appeal the order denying § 3582 relief until the district court rules upon his outstanding motion for reconsideration.  *See* FED. R. APP. P. 4(b)(3)(B)(i); *Burt v. Ware*, 14 F.3d 256, 260 (5th Cir. 1994) (interpreting FED. R. APP. P. 4(a)(4)).

Pursuant to 28 U.S.C. §§ 1291 and 1292, this court's appellate jurisdiction extends only to appeals from final decisions, certain specific types of interlocutory decisions, and other orders that are properly certified for appeal by the district court.  *See United States v. Powell*, 468 F.3d 862, 863 (5th Cir. 2006).  This court has long recognized that "a motion for reconsideration in a criminal case filed within the original period in which an appeal is permitted renders the original judgment nonfinal for purposes of appeal for as long as the petition is pending." *United States v. Greenwood*, 974 F.2d 1449, 1466 (5th Cir. 1992) (internal quotation marks and citation

2

No. 15-50773

omitted).  De Hoyos's filing of an ineffective notice of appeal prior to the district court's resolution of his pending motion for reconsideration thus violates the statutorily-imposed requirement of a final order.  *See* 28 U.S.C. § 1291; *Greenwood*, 974 F.2d at 1466; *Bowles v. Russell*, 551 U.S. 205, 213 (2007).

Because the district court has not ruled on De Hoyos's motion for reconsideration, this case must be REMANDED for the limited purpose of ruling on that motion.  The district court is directed to rule on De Hoyos's motion for reconsideration as expeditiously as possible.  *See Burt*, 14 F.3d at 260-61.  This court retains jurisdiction over the appeal except for the purposes of the limited remand.