# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40353
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 15, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTONIO BERRY, also known as Tony Berry,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:92-CR-93-1

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Antonio Berry, federal prisoner # 03256-043, was found guilty of conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine and possession of cocaine with intent to distribute. He received an amended sentence of 360 months of imprisonment. Berry filed an 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based upon Amendment No. 782 to the Sentencing Guidelines, which lowered the base offense levels

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40353

under U.S.S.G. § 2D1.1 for drug-related offenses.  The district court denied § 3582(c)(2) relief, and, within the period for filing a notice of appeal, Berry filed both a motion for reconsideration and a notice of appeal.  He has also moved to appear in person for oral argument.

Before addressing the merits of the appeal, we must examine the basis of our jurisdiction sua sponte if necessary.  *See United States v. De Los Reyes*, 842 F.2d 755, 757 (5th Cir. 1988).  Under Federal Rule of Appellate Procedure 4(b)(3), the period for filing a notice of appeal is tolled by the filing of certain post-judgment motions.  Although not listed among the motions in Rule 4(b)(3)(A), a timely motion for reconsideration, as was filed in the instant case, tolls the period for filing a notice of appeal.  *See* FED. R. APP. P. 4(b); *United States v. Brewer*, 60 F.3d 1142, 1143–44 (5th Cir. 1995).  Berry's notice of appeal is thus ineffective to appeal the order denying § 3582 relief until the district court rules upon his outstanding motion for reconsideration.  *See* FED. R. APP. P. 4(b)(3)(B)(i); *Burt v. Ware*, 14 F.3d 256, 260 (5th Cir. 1994) (interpreting FED. R. APP. P. 4(a)(4)).

Pursuant to 28 U.S.C. §§ 1291 and 1292, our appellate jurisdiction extends only to appeals from final decisions, certain specific types of interlocutory decisions, and other orders that are properly certified for appeal by the district court.  *See United States v. Powell*, 468 F.3d 862, 863 (5th Cir. 2006).  We have long recognized that "a motion for reconsideration in a criminal case filed within the original period in which an appeal is permitted renders the original judgment nonfinal for purposes of appeal for as long as the petition is pending." *United States v. Greenwood*, 974 F.2d 1449, 1466 (5th Cir. 1992) (internal quotation marks, brackets, and citation omitted).  Therefore, Berry's filing of an ineffective notice of appeal prior to the district court's resolution of his pending motion for reconsideration violates the statutorily

No. 16-40353

imposed requirement of a final order, thereby creating a jurisdictional bar to our review of the appeal. *See* § 1291; *Greenwood*, 974 F.2d at 1466; *Bowles v. Russell*, 551 U.S. 205, 213 (2007).

Because the district court has not ruled on Berry's motion for reconsideration, this case is REMANDED for the limited purpose of ruling on that motion. The district court is directed to rule on Berry's motion for reconsideration "as expeditiously as possible, consistent with a just and fair disposition thereof." *See Burt*, 14 F.3d at 261. We retain jurisdiction over the appeal except for the purposes of the limited remand. Berry's motion to appear in person for oral argument is DENIED.