# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 2, 2019

Lyle W. Cayce
Clerk

No. 18-20260
Summary Calendar

CECIL MAX-GEORGE,

Plaintiff-Appellant

v.

HOUSTON POLICE DEPARTMENT; OFFICER C. A. MYRICK; OFFICER D.
W. DUVAL; OFFICER J. MEJIA; OFFICER L. MATTHEWS,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-2264

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Cecil Max-George filed a pro se civil rights lawsuit under 42 U.S.C.
§ 1983 and Texas tort law in district court alleging that the individual
defendants, who were officers in the Houston Police Department (HPD),
violated his constitutional rights by using excessive force on him after he was
pulled over for an open warrant for his arrest. In addition to seeking

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

declaratory, compensatory, and punitive relief, he asked for "immediate injunction[s]" against the individual defendants and HPD based on his claims that they were engaging in racial profiling of African-American males and using excessive force against African-American males. He also filed two motions for service of process and a motion for recusal. The district court issued an interlocutory order in which it (1) denied Max-George's request in his complaint for preliminary injunctive relief; (2) dismissed Max-George's claims for monetary relief against Officer D. W. Duval because they were barred under *Heck v. Humphrey*, 512 U.S. 477 (1994); and (3) denied Max-George's motions for recusal and for service of process.

As a threshold matter, we must consider whether we have jurisdiction to consider Max-George's appeal of the district court's order. *See Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). The district court did not resolve all of Max-George's claims, direct entry of a final judgment, or designate the order as immediately appealable. We therefore lack jurisdiction to consider the district court's dismissal of Max-George's claims for monetary relief against Duval and denial of Max-George's motions for recusal and service of process because none of those matters fit into any of the relevant qualifying categories. *See Martin v. Halliburton*, 618 F.3d 476, 481-82 (5th Cir. 2010); *United States v. Powell*, 468 F.3d 862, 863 (5th Cir. 2006).

We do have jurisdiction pursuant to 28 U.S.C. § 1292(a) to consider the district court's denial of Max-George's request for preliminary injunctive relief. *See E.E.O.C. v. Kerrville Bus Co.*, 925 F.2d 129, 131 (5th Cir. 1991). However, rather than challenging the denial of preliminary injunctive relief directly, Max-George argues only that the district court misconstrued his request, which he now asserts was for permanent injunctive relief. He has not shown that the district court's construal of his request for "immediate injunction[s]"

No. 18-20260

as seeking preliminary injunctive relief was erroneous. Moreover, if the proceedings below reach the appropriate stage, Max-George may have the opportunity to pursue his request for permanent injunctive relief.

Max-George's motions to supplement the record are DENIED. We DISMISS Max-George's appeal in part for lack of jurisdiction and AFFIRM the district court's decision as to preliminary injunctive relief.