# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 6, 2021

Lyle W. Cayce
Clerk

No. 20-50588
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee,*

*versus*

SPENCER DURAN RILEY, *also known as* DURAN SPENCER RILEY,

*Defendant—Appellant.*

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:03-CR-38-5

Before HIGGINBOTHAM, JONES, and COSTA, *Circuit Judges.*

PER CURIAM:*

In 2003, Spencer Duran Riley pleaded guilty to conspiring to distribute in excess of 50 grams of crack cocaine base and was sentenced to serve 324 months in prison and five years on supervised release. Riley later moved for a sentence reduction under the First Step Act of 2018, Pub. L. No.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-50588

115-391, § 404, 132 Stat. 5194, which makes retroactive certain sentencing reductions of the Fair Sentencing Act of 2010. The district court denied the motion, and, within 14 days, which was the period for filing his notice of appeal, Riley filed both a motion for reconsideration and a notice of appeal. *See* FED. R. APP. P. 4(b)(1)(A)(i); *see also United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir.), *cert. denied*, 140 S. Ct. 285 (2019); *United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000).

The Federal Public Defender representing Riley on appeal has moved to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Riley has responded pro se. Before we may turn to the merits of the appeal, however, we must examine the basis of our jurisdiction. *See Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987).

A motion to reconsider an order that is filed within the period for appealing that order, as Riley's was, "render[s] the original judgment nonfinal for purposes of appeal for as long as the [motion] is pending." *United States v. Dieter*, 429 U.S. 6, 8 (1976) (per curiam); *see United States v. Healy*, 376 U.S. 75, 78-79 (1964). Under Rule 4(b)(3), the time for filing a notice of appeal is postponed by the filing of certain post-judgment motions. Although not listed among the motions in Rule 4(b)(3)(A), a timely motion for reconsideration, as was filed in the instant case, postpones the time for filing a notice of appeal until the motion is adjudicated. *See* FED. R. APP. P. 4(b); *United States v. Brewer*, 60 F.3d 1142, 1143–44 (5th Cir. 1995). Riley's notice of appeal is thus ineffective to appeal the order denying relief under the First Step Act until the district court rules on the pending motion for reconsideration. *See* FED. R. APP. P. 4(b)(3)(B)(i); *Burt v. Ware*, 14 F.3d 256, 260 (5th Cir. 1994) (interpreting FED. R. APP. P. 4(a)(4)).

No. 20-50588

Under 28 U.S.C. §§ 1291 and 1292, our jurisdiction extends only to appeals from final decisions, certain specific types of interlocutory decisions, and other orders that are properly certified for appeal by the district court. *See United States v. Powell*, 468 F.3d 862, 863 (5th Cir. 2006). Because "a motion for reconsideration in a criminal case filed within the original period in which an appeal is permitted renders the original judgment nonfinal for purposes of appeal for as long as the petition is pending," Riley's filing of an notice of appeal before the district court has resolved the pending motion for reconsideration violates the statutory requirement of a final order, thereby creating a jurisdictional bar to appellate review. *United States v. Greenwood*, 974 F.2d 1449, 1466 (5th Cir. 1992) (internal quotation marks, brackets, and citation omitted); *see* § 1291.

Because the district court has not ruled on Riley's motion for reconsideration, this case is REMANDED for the limited purpose of ruling on that motion. The district court is directed to rule on the motion for reconsideration "as expeditiously as possible, consistent with a just and fair disposition thereof." *See Burt*, 14 F.3d at 261. The motion to withdraw is CARRIED with the case.

3