# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 21, 2021

Lyle W. Cayce
Clerk

No. 20-30207
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ERIC WAYNE HAWKINS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:03-CR-194-1

Before WIENER, SOUTHWICK and DUNCAN, *Circuit Judges*.

PER CURIAM:*

In 2004, Eric Wayne Hawkins was convicted after a jury trial of distribution of cocaine base and hydrocholoride (Count 2 of multi-count indictment) and distribution of cocaine base (Count 3 of multi-count indictment), both in violation of 21 U.S.C. § 841(a). He was sentenced as a

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

career offender to life in prison with respect to Count 2, to a concurrent 360-month term in prison with respect to Count 3, and to an 8-year term of supervised release with respect to Count 3. *See* § 841(b)(1)(A); § 851.

Hawkins later moved for a sentence reduction under the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, which makes retroactive certain sentencing reductions of the Fair Sentencing Act of 2010. On March 3, 2020, the district court granted that motion, reducing his sentence of life imprisonment to 360 months and imposing a concurrent 8-year term of supervised release as to Count 2. Within 14 days of the district court's order, which was the period for filing his notice of appeal, Hawkins mailed both a motion for reconsideration and a notice of appeal. *See* Fed. R. App. P. 4(b)(1)(A)(i); *see also United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir.), *cert. denied*, 140 S. Ct. 285 (2019); *United States v. Alvarez*, 210 F.3d 309, 310 (5th Cir. 2000); *Spotville v. Cain*, 149 F.3d 374, 376–78 (5th Cir. 1998).

The Federal Public Defender representing Hawkins on appeal has moved to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Hawkins has responded *pro se*. Before we may turn to the merits of the appeal, however, we must examine the basis of our jurisdiction. *See Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987).

A motion to reconsider an order that is filed within the period for appealing that order, as Hawkins's was, "render[s] the original judgment nonfinal for purposes of appeal for as long as the [motion] is pending." *United States v. Dieter*, 429 U.S. 6, 8 (1976) (*per curiam*); *see United States v. Healy*, 376 U.S. 75, 78–79 (1964). Under Rule 4(b)(3), the time for filing a notice of appeal is postponed by the filing of certain post-judgment motions. Although not listed among the motions in Rule 4(b)(3)(A), a timely motion

No. 20-30207

for reconsideration, as was filed in the instant case, postpones the time for filing a notice of appeal until the motion is adjudicated. *See* FED. R. APP. P. 4(b); *United States v. Brewer*, 60 F.3d 1142, 1143–44 (5th Cir. 1995). Hawkins's notice of appeal is thus ineffective to appeal the district court's First Step Act order until the district court rules on the pending motion for reconsideration. *See* FED. R. APP. P. 4(b)(3)(B)(i); *Burt v. Ware*, 14 F.3d 256, 260 (5th Cir. 1994) (interpreting FED. R. APP. P. 4(a)(4)).

Under 28 U.S.C. §§ 1291 and 1292, our jurisdiction extends only to appeals from final decisions, certain specific types of interlocutory decisions, and other orders that are properly certified for appeal by the district court. *See United States v. Powell*, 468 F.3d 862, 863 (5th Cir. 2006). "[A] motion for reconsideration in a criminal case filed within the original period in which an appeal is permitted renders the original judgment nonfinal for purposes of appeal for as long as the petition is pending." *United States v. Greenwood*, 974 F.2d 1449, 1466 (5th Cir. 1992) (quotation marks, brackets, and citation omitted).

Because the district court has not ruled on Hawkins's motion for reconsideration, this case is REMANDED for the limited purpose of ruling on that motion. The district court is directed to rule on the motion for reconsideration "as expeditiously as possible, consistent with a just and fair disposition thereof." *See Burt*, 14 F.3d at 261. The motion to withdraw is CARRIED with the case.