# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 15, 2021

Lyle W. Cayce
Clerk

No. 21-20028

Luis E. Class,

*Plaintiff—Appellant*,

*versus*

TDCJ Director Lorie Davis; Kimberly Klock; Kelly L. Strong; Christopher S. Lacox; Lisa M. Nichols; Candy L. Montgomery; Cesar Trevino; Isaac J. Clark,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-3440

Before Stewart, Haynes, and Ho, *Circuit Judges*.

Per Curiam:*

Luis E. Class, Texas prisoner # 2303801, has filed a notice of appeal from the district court's Order of Partial Dismissal in which it dismissed Class's claims against some, but not all, of the defendants named in his

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-20028

complaint. Class also appeals from the order denying his motion seeking reconsideration of the Order of Partial Dismissal. Class moves for leave to proceed in forma pauperis (IFP) in his appeal.

As a threshold matter, we must consider whether we have jurisdiction to consider Class's appeal. *See Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). Our jurisdiction is limited to appeals from final decisions under 28 U.S.C. § 1291, certain interlocutory decisions under 28 U.S.C. § 1292, partial judgments certified as final under Federal Rule of Civil Procedure 54(b) and § 1292(b), and certain decisions under the collateral order doctrine. *See Martin v. Halliburton*, 618 F.3d 476, 481-82 (5th Cir. 2010); *United States v. Powell*, 468 F.3d 862, 863 (5th Cir. 2006).

Because the district court's orders did not resolve all of Class's claims, it has not issued a final judgment for purposes of § 1291. *See Martin*, 618 F.3d at 481. The district court's orders do not evince an unmistakable intent to enter a final, appealable judgment under Rule 54(b). *See* Fed. R. Civ. P. 54(b); *Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enters., Inc.*, 170 F.3d 536, 538-41 (5th Cir. 1999). Additionally, the orders at issue do not fit within any of the categories of appealable interlocutory orders listed in § 1292(a), nor did the district court certify that the orders were appealable under § 1292(b). Finally, the district court's orders did not resolve issues separate from the merits that would be unreviewable on appeal from a final judgment under the collateral order doctrine. *See Martin*, 618 F.3d at 481-83 & nn.10-11.

In view of the foregoing, we lack jurisdiction over Class's appeal. *See Martin*, 618 F.3d at 481-82; *Powell*, 468 F.3d at 863. Accordingly, the appeal is DISMISSED for lack of jurisdiction, and the IFP motion is DENIED.

2