# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 3, 2022

Lyle W. Cayce
Clerk

No. 21-30322
Summary Calendar

CRAIG JOSEPH AUCOIN,

*Plaintiff—Appellant*,

*versus*

TERREBONNE PARISH SHERIFF'S OFFICE; JERRY LARPENTER, *Ex-Sheriff*; TIM SOIGNET, *Sheriff*; TERRY DAIGRE, *Colonel*, *Ex-Chief Deputy*; MAJOR BERGERON, *Current Chief Deputy*, *Ex-Warden*; LIEUTENANT SCHWAUSCH, *Administrative Remedy Program*, *Grievance Screening Officer*; TERREBONNE PARISH CONSOLIDATED GOVERNMENT, *Medical Staff*; RICHARD NEAL, *Medical Director*; RICHARD HAYDEL, *Facility Doctor*; THERIOT, *Shift Lieutenant*; HARRIS, *Shift Lieutenant*; ADAM BILLIOT, *Deputy*; RHONDA LEDET, *Captain*, *Warden*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:21-CV-110

Before Davis, Duncan, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Craig Joseph Aucoin, Louisiana prisoner # 505495, appeals the district court's May 24, 2021 judgment dismissing some of his 42 U.S.C. § 1983 civil rights claims as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915A(b), 28 U.S.C. § 1915(e), and 42 U.S.C. § 1997e; a partial judgment dismissing the claims against defendant Richard Neal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6); and two magistrate judge (MJ) orders denying Aucoin's motions for appointment of counsel and to preserve video evidence. Aucoin also moves for the appointment of counsel on appeal. Because he has not demonstrated the existence of exceptional circumstances, that motion will be denied. *See Cooper v. Sheriff, Lubbock Cnty.*, 929 F.2d 1078, 1084 (5th Cir. 1991).

As an initial matter, we note that we lack jurisdiction over the August 19, 2021, judgment dismissing the claims against Neal, as well as the MJ's orders denying Aucoin's motions. *See* Fed. R. Civ. P. 54(b); *Martin v. Halliburton*, 618 F.3d 476, 481-82 (5th Cir. 2010); *United States v. Powell*, 468 F.3d 862, 863 (5th Cir. 2006); *United States v. Renfro*, 620 F.2d 497, 500 (5th Cir. 1980). To the extent that Aucoin raises arguments regarding any of his claims that have not been adjudicated, those claims remain pending and are not before us at this time.

A prisoner's civil rights complaint may be dismissed at any time if it is frivolous or fails to state a claim on which relief can be granted. *See* § 1915(e)(2)(B); § 1915A; § 1997e(c)(1). A complaint is frivolous if it lacks "an arguable basis in law or fact," and dismissal on that ground is reviewed for abuse of discretion. *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999)

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

(internal quotation marks and citation omitted). Dismissal for failure to state a claim is reviewed de novo, applying the standard used to review a dismissal under Rule 12(b)(6). *Hart v. Hairston*, 343 F.3d 762, 763-64 (5th Cir. 2003); *Berry*, 192 F.3d at 507. The district court did not abuse its discretion or err in this case by dismissing Aucoin's claims in part. *See Berry*, 192 F.3d at 507.

As to the district court's dismissal of Aucoin's claims against the Terrebonne Parish Sheriff's Office, we have recognized that, under Louisiana law, "a sheriff's office is not a legal entity capable of being sued." *Cozzo v. Tangipahoa Par. Council—President Gov't*, 279 F.3d 273, 283 (5th Cir. 2002). As to the claims against the Terrebonne Parish Consolidated Government (TPCG), Aucoin failed to allege the existence of a policy or custom established by TPCG so as to state a claim for municipal liability. *See Hampton Co. Nat'l Sur., LLC v. Tunica Cnty.*, 543 F.3d 221, 227 (5th Cir. 2008).

Next, Aucoin contends that he properly alleged violations of his constitutional rights to medical care. Because Aucoin was a pretrial detainee at the time of the alleged violations, to the extent he alleged episodic acts or omissions by the defendants, he was required to allege deliberate indifference by the defendants to his serious medical needs. *See Olabisiomotosho v. City of Houston*, 185 F.3d 521, 526 (5th Cir. 1999). However, Aucoin alleged, at most, that the defendants unsuccessfully or negligently treated his condition on multiple occasions. *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). As to his claims of missing one meal on one day, Aucoin did not allege or explain how a substantial risk of serious harm existed to his health based on one missed meal. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *cf. Palmer v. Johnson*, 193 F.3d 346, 352 (5th Cir. 1999). To the extent that Aucoin challenged the conditions of confinement relating to his sleeping accommodations, temporary pain and discomfort for six nights did not result

in the denial of Aucoin's basic human needs. *See Cadena v. El Paso Cnty.*, 946 F.3d 717, 727-28 (5th Cir. 2020).

Further, the district court did not abuse its discretion or err by dismissing Aucoin's challenge to the prison grievance procedure because he did "not have a federally protected liberty interest in having these grievances resolved to his satisfaction." *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005); *see also id.* at 373-74. Moreover, to the extent that he argues that the inadequate grievance procedure denied his right to access the courts, he does not explain how he was unable to prepare and transmit legal documents, allege that he was prejudiced, or explain how he was prevented from filing a nonfrivolous legal claim. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993).

Regarding Aucoin's challenge to his disciplinary proceeding and resulting 10-day lockdown sentence, he did not allege any atypical or significant hardship. *See Hernandez v. Velasquez*, 522 F.3d 556, 562 (5th Cir. 2008). As to Aucoin's alleged receipt of an incomplete commissary order, he does not allege that this deprivation was the result of an established state procedure, and, therefore, his property deprivation claim does not give rise to a due process claim. *See Zinermon v. Burch*, 494 U.S. 113, 115 (1990).

Additionally, contrary to Aucoin's arguments, the district court properly complied with the mandatory requirements of § 1915(e)(2) and § 1915A(b) by screening and dismissing the case without holding a hearing or ruling on Aucoin's motions. Finally, although the district court dismissed Aucoin's claims in part without allowing him an opportunity to amend his complaint, he does not explain what additional facts he would have alleged in an amended complaint. *See Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009).

No. 21-30322

Accordingly, the May 24, 2021 judgment of the district court is AFFIRMED, and the appeal is DISMISSED in part for lack of jurisdiction. Aucoin's motion for appointment of counsel is DENIED.