# United States Court of Appeals for the Fifth Circuit

No. 22-20595

United States Court of Appeals
Fifth Circuit

**FILED**
September 5, 2023

Lyle W. Cayce
Clerk

Alex Adams,

*Plaintiff—Appellant*,

*versus*

Bobby Lumpkin; Chief Judge Lee Rosenthal; Texas D.N.A. Mixture Project; Fifth Circuit Court of Appeals; United States Supreme Court in Washington D.C.,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CV-3115

Before Stewart, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Alex Adams, Texas prisoner # 1181239, requests leave to proceed in forma pauperis (IFP) in his appeal of the district court's order dismissing his 42 U.S.C. § 1983 complaint as barred by judicial and sovereign immunity in part and staying his claims and administratively closing his case in part. *See*

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-20595

28 U.S.C. § 1915A(b). Adams alleged that the Texas DNA Mixture Project had tested certain unspecified evidence in his case and found that his DNA was not present. Thus, Adams claimed that he was actually innocent and that the courts had erroneously denied his requests for relief.

As a threshold matter, we must consider whether we have jurisdiction to consider Adams's appeal. *See Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). Our jurisdiction is limited to appeals from final decisions under 28 U.S.C. § 1291, certain interlocutory decisions under 28 U.S.C. § 1292, partial judgments certified as final under Federal Rule of Civil Procedure 54(b) and § 1292(b), and certain decisions under the collateral order doctrine. *Martin v. Halliburton*, 618 F.3d 476, 481-82 (5th Cir. 2010); *United States v. Powell*, 468 F.3d 862, 863 (5th Cir. 2006).

Because the district court resolved some—but not all—of Adams's claims, the district court's order was not a final judgment under § 1291. *See Martin*, 618 F.3d at 481. The district court's order does not evince an unmistakable intent to enter a final, appealable judgment under Rule 54(b). *See* Fed. R. Civ. P. 54(b); *Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enters., Inc.*, 170 F.3d 536, 538-41 (5th Cir. 1999). Additionally, the order at issue does not fit within any of the categories of appealable interlocutory orders listed in § 1292(a) that involve injunctive relief, receivership, or admiralty cases, and the district court did not certify that the order was appealable under § 1292(b). Finally, the district court's order did not resolve issues separate from the merits that would be unreviewable on appeal from a final judgment under the collateral order doctrine. *See Martin*, 618 F.3d at 481-83 & nn.10-11; *see also Sammons v. Economou*, 940 F.3d 183, 186 (5th Cir. 2019); *S. La. Cement, Inc. v. Van Aalst Bulk Handling, B.V.*, 383 F.3d 297, 302 (5th Cir. 2004). Therefore, we lack jurisdiction over Adams's appeal of the district court's order. *See Martin*, 618 F.3d at 481-82; *Powell*, 468 F.3d at 863.

No. 22-20595

Accordingly, Adams's motion to proceed IFP is DENIED as unnecessary, and his appeal is DISMISSED for lack of jurisdiction. Adams is reminded that, because he has accumulated at least three strikes under 28 U.S.C. § 1915(g), he is barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).