# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 9, 2024

Lyle W. Cayce
Clerk

No. 24-10702

Michael A. Powell,

*Petitioner—Appellant*,

*versus*

Bobby Lumpkin, *Director, Texas Department of Criminal Justice, Correctional Institutions Division*; State of Texas,

*Respondents—Appellees*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:24-CV-614

_____

Before Jones, Duncan, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Michael A. Powell, Texas prisoner # 01342523, commenced the underlying action by filing a self-described motion under Federal Rule of Civil Procedure 60(b), seeking to have the district court, inter alia, set aside an order issued by the Texas Court of Criminal Appeals denying him postconviction relief. The district court entered an order construing

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-10702

Powell's pleading as a 28 U.S.C. § 2254 application and requiring that he "file his [application] on the proper form." Powell filed a notice of appeal from that order and now moves for leave to proceed in forma pauperis (IFP) on appeal. He has also filed a motion for leave to file a supplemental brief.

This court must consider whether it has jurisdiction to review the merits of an appeal. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). We have jurisdiction to review (1) final decisions under 28 U.S.C. § 1291, (2) certain interlocutory decisions under 28 U.S.C. § 1292(a); and (3) interlocutory orders certified as final under Federal Rule of Civil Procedure 54(b) or as appealable under § 1292(b). *United States v. Powell*, 468 F.3d 862, 863 (5th Cir. 2006); *see Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enters., Inc.*, 170 F.3d 536, 538-39 (5th Cir. 1999). We may also review certain decisions under the collateral order doctrine. *See Martin v. Halliburton*, 618 F.3d 476, 481-82 (5th Cir. 2010). The district court's order at issue here is not a final decision, nor does it fall within any of the other categories of appealable orders.

Accordingly, Powell's motion to proceed IFP is DENIED, and his appeal is DISMISSED for lack of jurisdiction. *See Briargrove*, 170 F.3d at 538-39. The motion for leave to file a supplemental brief is DENIED as moot.