# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 18, 2025

Lyle W. Cayce
Clerk

No. 24-60633
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Joshua Martin,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:16-CR-41-1

_____

Before Higginbotham, Jones, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Joshua Martin, federal prisoner # 17414-043, pleaded guilty to causing death through the use of a firearm during and in relation to a drug trafficking offense and was sentenced to 336 months of imprisonment. On November 19, 2024, the district court entered an order denying Martin a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821 to the

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-60633

Guidelines. Martin filed a constructive motion for reconsideration, dated November 25, 2024, and a notice of appeal, dated December 1, 2024. *See Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998).

Before addressing the merits of the appeal, we must examine the basis of our jurisdiction. *See Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). Under Rule 4(b)(3), the time for filing a notice of appeal is postponed by the filing of certain postjudgment motions. Although not listed among the motions in Rule 4(b)(3)(A), a timely motion for reconsideration, as was filed in the instant case, postpones the time for filing a notice of appeal until the motion is adjudicated. *See* FED. R. APP. P. 4(b); *United States v. Brewer*, 60 F.3d 1142, 1143-44 (5th Cir. 1995). Martin's notice of appeal is thus ineffective to appeal the district court's order denying § 3582(c)(2) relief until the district court rules on the pending motion for reconsideration. *See* FED. R. APP. P. 4(b)(3)(B)(i); *Burt v. Ware*, 14 F.3d 256, 260 (5th Cir. 1994) (interpreting FED. R. APP. P. 4(a)(4)).

Under 28 U.S.C. §§ 1291 and 1292, our jurisdiction extends only to appeals from final decisions, certain specific types of interlocutory decisions, and other orders that are properly certified for appeal by the district court. *See United States v. Powell*, 468 F.3d 862, 863 (5th Cir. 2006). "[A] motion for reconsideration in a criminal case filed within the original period in which an appeal is permitted renders the original judgment nonfinal for purposes of appeal for as long as the [motion] is pending." *United States v. Greenwood*, 974 F.2d 1449, 1466 (5th Cir. 1992) (internal quotation marks, brackets, and citation omitted).

Because the district court has not ruled on Martin's motion for reconsideration, this case is REMANDED for the limited purpose of ruling on that motion. The district court is directed to rule on the motion for

No. 24-60633

reconsideration "as expeditiously as possible, consistent with a just and fair disposition thereof." *Burt*, 14 F.3d at 261.